UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ROBERTO MATA,

                Plaintiff,

vs.

AVIANCA, INC.,

                Defendant.

------------------------------------------------------------- x

Civil Action No. 22-cv-1461

**ANSWER OF AVIANCA, INC.**

       Defendant AVIANCA, INC. (hereinafter "Avianca"), by and through its attorneys, Condon & Forsyth LLP, as and for its Answer to Plaintiff's Verified Complaint ("the Complaint"), respectfully alleges as follows:

       1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

       2.     Denies the allegations in Paragraph 2 of the Complaint, except admits that Avianca is a foreign corporation that does business in the State of New York.

       3.     Denies the allegations in Paragraph 3 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

       4.     Denies the allegations in Paragraph 4 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

       5.     Denies the allegations in Paragraph 5 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

6. Denies the allegations in Paragraph 6 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

7. Denies the allegations in Paragraph 7 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

8. Denies the allegations in Paragraph 8 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

9. Denies the allegations in Paragraph 9 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

10. Denies the allegations in Paragraph 10 of the Complaint, except admits that Avianca operated Avianca flight AV 670 from El Salvador to John F. Kennedy International Airport on August 27, 2019.

11. Admits that a Roberto Mata was listed as a passenger on Avianca flight 670 on August 27, 2019.

12. Denies the allegations in Paragraph 12 of the Complaint.

13. Denies the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies the allegations in Paragraph 16 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

17. Pursuant to 11 U.S.C. § 524, Plaintiff's claims against Avianca were discharged by the United States Bankruptcy Court for the Southern District of New York (Case No. 20-11133 (M.G.)) in the Order (I) Confirming Further Modified Joint Chapter 11 Plan of Avianca Holdings S.A. and its Affiliated Debtors and (II) Granting Related Relief. [Dkt. 2300]. Accordingly, this action violates the injunction against commencement or continuation of an action to collect, recover, or offset a discharged debt, and must be dismissed.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

18. Upon information and belief, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 ("Montreal Convention"), reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734, and the rights of the parties to this litigation are governed by the provisions of the Montreal Convention.

19. Pursuant to Article 35 of the Montreal Convention, Plaintiff's claims are barred because this action was commenced more than two years after Plaintiff arrived at his destination. According, Plaintiff cannot sustain a claim under the Montreal Convention.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

20. Pursuant to Article 17 of the Montreal Convention, Avianca is not liable to Plaintiff because Plaintiff's alleged injuries were not caused by an "accident."

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

21. All or part of the damages allegedly sustained by Plaintiff were caused in whole or in part by the negligence or other wrongful act or omission of Plaintiff. Accordingly, Plaintiffs

damages, if any, should be diminished in accordance with the degree of culpability and fault attributed to Plaintiff, in accordance with Article 20 of the Montreal Convention.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22. All or part of the damages allegedly sustained by Plaintiff were caused in whole by the negligence or other wrongful act or omission of a third party. Accordingly, the liability of Avianca, if any, is limited in accordance with the provisions of Article 21 of the Montreal Convention.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23. Pursuant to Article 29 of the Montreal Convention, to the extent the Original Complaint contains state law causes of action, such causes of action are preempted by the Montreal Convention.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24. Pursuant to Avianca's tariff on file with the United States Department of Transportation, as well as the conditions of carriage set forth in the relevant contract of transportation, Avianca is not liable to Plaintiff, or, in the alternative, its liability is limited.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. The action should be dismissed pursuant to the doctrine of forum *non conveniens* and/or improper venue.

26. Avianca reserves the right to assert any and all additional defenses as may be revealed by further investigation and discovery.

## NOTICE OF APPLICABILITY OF FOREIGN LAW

Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Defendant Avianca hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter.

WHEREFORE, Defendant AVIANCA, INC., demands judgment dismissing the Complaint for Damages in its entirety, or alternatively, judgment limiting Avianca's liability pursuant to the foregoing, together with all other relief which may be just and proper.

Dated: February 22, 2022
      New York, New York

                                          CONDON & FORSYTH LLP

                                          By /s/ Bartholomew J. Banino
                                              Bartholomew J. Banino (BB 4164)
                                              Marissa N. Lefland (ML 8217)
                                          Times Square Tower
                                          7 Times Square, 18th Floor
                                          New York, New York 10036
                                          Tel: (212) 490-9100
                                          bbanino@condonlaw.com
                                          mlefland@condonlaw.com

                                          *Attorneys for Defendant*
                                          AVIANCA, INC.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ) ss:
COUNTY OF NEW YORK  )

Beatriz Romero, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Monroe, New York. That on the 22nd day of February 2022 deponent served the within Answer upon:

> Steven Schwartz, Esq.
> LEVIDOW, LEVIDOW & OBERMAN, P.C.
> 299 Broadway-Suite 1800
> New York, New York 10007

at the address designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Beatriz Romero

Sworn to before me this
22nd day of February 2022

_____
Notary Public

ZOILA CEDENO
Notary Public, State of New York
No. 01CE5004983
Qualified in Queens County
Commission Expires March 6, 2023