

Direct Dial: (212) 894-6818
Direct Fax:  (212) 370-4453
bbanino@condonlaw.com

April 20, 2022

<u>VIA ECF</u>

Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District Of New York
500 Pearl Street
New York, New York 10007

Re:   Roberto Mata v. Avianca, Inc.
      Civil Action No.: 22-cv-1461 (PKC)

Dear Judge Castel:

The undersigned represent the parties to this litigation.  In accordance with the Order dated February 23, 2022 [Dkt. 6], the parties respectfully submit this letter in advance of the Initial Pretrial Conference scheduled for April 29, 2022, at 11:30 a.m.

Plaintiff Roberto Mata alleges that he sustained injuries to his left knee when he was struck by a service cart while traveling as a passenger on Avianca flight AV 670 from San Salvador, El Salvador, to New York, on August 27, 2019.  Plaintiff has asserted state law claims sounding in negligence.  Defendant submits that Plaintiff's claims are preempted and exclusively governed by a treaty of the United States known as the Montreal Convention because he alleges he sustained a physical injury during international air transportation.  Defendant's defenses are as follows: (1) Plaintiff's claims against Avianca were discharged by the United States Bankruptcy Court for the Southern District of New York upon the conclusion of Avianca's Chapter 11 bankruptcy proceedings, and, therefore, this action violates the injunction against discharged debts; (2) this action is not timely pursuant to Article 35 of the Montreal Convention; (3) Plaintiff was not injured as the result of an "accident," as required by Article 17 of the Montreal Convention; and (4) even if Plaintiff can prove he was injured as the result of an "accident," his damages should be reduced, in whole or in part, in accordance with Articles 20 and 21 of the Montreal Convention because of the negligence of individuals other than Avianca personnel.

Defendant is contemplating filing a motion to dismiss in light of the first and second defenses discussed above.  In particular, Plaintiff's claim arose on August 27, 2019, and Avianca filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 10, 2020.  Thus,

# CONDON // FORSYTH

Honorable P. Kevin Castel
April 20, 2022
Page 2

Plaintiff's recourse against Avianca was limited to a claim filed with the Bankruptcy Court. The Bankruptcy Court issued an Order confirming Avianca's Chapter 11 Plan and issued an injunction against commencement or continuation of an action to collect, recover, or offset a discharged debt. This action is a violation of that injunction and, therefore, should be dismissed. Additionally, this action was commenced more than two years after Plaintiff arrived at his destination. Accordingly, Plaintiff's claims are time-barred under Article 35 of the Montreal Convention, and should be dismissed.

In light of its contemplated motions, Defendant submits that this action may be appropriate for early settlement on a cost of defense basis.

Respectfully submitted,

| CONDON & FORSYTH LLP | LEVIDOW LEVIDOW & OBERMAN PC |
|---|---|
| By:  /s/Bartholomew J. Banino<br>        Bartholomew J. Banino       `<br>        Marissa N. Lefland<br>7 Times Square, 18th Floor<br>New York, New York 10036<br>Tel:  (212) 490-9100<br>Fax: (212) 370-4453<br>bbanino@condonlaw.com<br>mlefland@condonlaw.com | By:  /s/ Peter LoDuca<br>        Peter LoDuca<br><br>299 Broadway, Suite 1800<br>New York, New York 10007<br>Tel:  (212) 964-3290<br>Fax: (212) 571-1053<br>p.loduca@levidow.com |
| Attorney for Defendant<br>Avianca, Inc. | Attorney for Plaintiff<br>Roberto Mata |

BJB:br