LAW OFFICES
**LEVIDOW, LEVIDOW AND OBERMAN, P.C.**
299 BROADWAY, SUITE 1800
NEW YORK, N.Y. 10007

(212) 964-3290
FAX (212) 571-1053

DAVID J. LEVIDOW (1927-2013)
RICHARD D. LEVIDOW (1931-2005)
RICHARD S. OBERMAN (1946-2015)
THOMAS R. CORVINO
STEVEN A. SCHWARTZ
PETER LoDUCA
ROBERT L. ELLENBERG

OF COUNSEL
JANE B. ROSENFELD

May 5, 2022

VIA ECF

Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Roberto Mata v. Avianca, Inc
    Civil Action No.: 22-cv-1461 (PKC)

Dear Hon. J. Castel:

This office represents the plaintiff in the above action and is submitting this letter as directed by Your Honor at the Initial Pretrial Conference held on April 22, 2022. At the Conference, it was directed that the defendant provide a copy of the injunction and discharge applicable to plaintiff's claim as issued by the Bankruptcy Court and that plaintiff provide in writing cause why the action should not be dismissed accordingly.

On April 26th, 2022, defendant did provide a copy of the Order from the Bankruptcy Court affirming Avianca's bankruptcy plan. A review of the plan reveals that it does contain language discharging all claims and enjoining all parties from further pursuing any discharged claims.

It is plaintiff's contention however, that although the discharge/injunction provides that Avianca is no longer personally liable to the plaintiff it does not apply or affect the liability of a third party such as a contractually responsible insurance carrier.

This premise is well settled in law that the permanent discharge and injunction does not prevent suit against a debtor, in this case Avianca, solely to determine liability in order to collect against the debtor's insurer. See, First Fidelity Bank v. Mcateer 985 F.2d 114. Furthermore, the court in In Re Rodgers, 266 B.R. 834 (Bankr. W.D. TENN. 2001) stated, "it is permissible to commence or continue prosecution against a debtor as a nominal defendant if such action is necessary to prove liability as a prerequisite to recovery, for example, from the liability insurer."

It is unclear if Avianca contractually maintained a policy of liability insurance with an insurance carrier that would be responsible for providing coverage for this claim. If so, then it would not be proper for the subject action to be dismissed for the reasons stated above.

Plaintiff's office attempted to contact the attorneys for defendant via email on May 4, 2022 inquiring about the insurance issue but have not received any response.

                                      Faithfully Submitted,
                                      LEVIDOW, LEVIDOW & OBERMAN, P.C.

                                      STEVEN A. SCHWARTZ, ESQ.