# CONDON / FORSYTH

Direct Dial: (212) 894-6818
Direct Fax: (212) 370-4453
bbanino@condonlaw.com

November 14, 2022

VIA ECF

Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District Of New York
500 Pearl Street
New York, New York 10007

Re:  Roberto Mata v. Avianca, Inc.
     Civil Action No.: 22-cv-1461 (PKC)

Dear Judge Castel:

The undersigned represent Defendant Avianca, Inc. ("Avianca"). We respectfully submit this letter in accordance with the Order issued by the Court on October 31, 2022 [Dkt. 13].

First, we confirm that we have disclosed a copy of Avianca's liability insurance policy which provides coverage for Plaintiff's claims against Avianca, which were discharged by the United States Bankruptcy Court for the Southern District of New York upon the conclusion of Avianca's Chapter 11 bankruptcy proceedings. However, although Plaintiff asserts that he may advance pre-petition claims against Avianca because he seeks to recover damages only as against Avianca's insurer, Plaintiff's claims nevertheless are time-barred.

Plaintiff Roberto Mata alleges that he sustained injuries to his left knee when he was struck by a service cart while traveling as a passenger on Avianca flight AV 670 from San Salvador, El Salvador, to New York, on August 27, 2019. Plaintiff's claims are preempted and exclusively governed by a treaty of the United States known as the Montreal Convention because he alleges he sustained a physical injury during international air transportation.

As previously asserted in our letter of April 20, 2022, any action for damages governed by the Montreal Convention must be filed within two years of the passenger's arrival at his destination. Montreal Convention, art. 35. In this case, Plaintiff commenced this action by filing a Summons and Complaint in New York Supreme Court on February 2, 2022 – more than two years after the subject incident. Accordingly, this action is not timely and should be dismissed. That Plaintiff filed an earlier action while Avianca was in bankruptcy is immaterial, as "the Montreal

[Handwritten note: Defendant Avianca may file its motion to dismiss by Jan 13, 2023. Plaintiff may respond by Febry 3 and deft may reply by Febr 17. SO ORDERED [signature] USDJ 11-17-22]

---

Condon & Forsyth LLP / 7 Times Square / New York, NY 10036
Tel 212.490.9100 / Fax 212.370.4453 / condonlaw.com

New York
Los Angeles
Miami

CONDON // FORSYTH

Honorable P. Kevin Castel
November 14, 2022
Page 2

Convention clearly bars '*any* action for damages' brought after the 'period of two years.'" *Von Schoenbeck v. Koninklijke Luchtvaart Maatschappij NV*, 659 F. App'x 392, 394 (9th Cir. 2016) (emphasis in original) (citing *Narayan v. British Airways*, 747 F.3d 1125, 1129 (9th Cir. 2014) (affirming dismissal of lawsuit commenced more than two year after the transportation, and holding that plaintiffs' timely filing of an earlier lawsuit arising from the same incident did not render the instant lawsuit timely).

For these reasons, if the litigation is to proceed against Avianca to obtain recovery from its insurance policy, Avianca would respectfully move to dismiss this lawsuit as time-barred, as discussed in the April 20, 2022, letter to the court.

Respectfully submitted,

CONDON & FORSYTH LLP


By:  /s/Bartholomew J. Banino
     Bartholomew J. Banino
     Marissa N. Lefland

Cc:  Peter LoDuca
     Steven Schwartz
     Levidow Levidow & Oberman PC
     *Attorneys for Plaintiff Roberto Mata*