# Exhibit C
Defendant's Notice of Removal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROBERTO MATA,

                Plaintiff,

vs.

AVIANCA, INC.,

                Defendant.

------------------------------------------------------------- x

Civil Action No. 22-cv-1461

**NOTICE OF REMOVAL**

Defendant AVIANCA, INC. (hereinafter "Avianca"), by and through its attorneys, Condon & Forsyth LLP, hereby removes this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. In support of this Notice of Removal, Avianca states as follows:

1. On or about February 2, 2022, plaintiff ROBERTO MATA commenced this action against defendant Avianca by filing a Verified Complaint in the Supreme Court of the State of New York, New York County. On or about January 31, 2022, before the action was commenced, Plaintiff had sent a courtesy copy of the proposed Verified Complaint by email to the undersigned as counsel for Avianca. Plaintiff then mailed a copy of the Summons and Complaint to the undersigned counsel on or about February 7, 2022. A copy of the Summons and Verified Complaint is attached as Exhibit A. No further proceedings have been had in this action.

2. The Verified Complaint seeks damages for personal injuries sustained on board an Avianca flight that was traveling from El Salvador to New York on August 27, 2019.

3. Based on the allegations in the Verified Complaint, this Court has original jurisdiction over this action because of the existence of a federal question pursuant to 28 U.S.C. §

1331 and, accordingly, it is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

4. Based on the allegations in the Verified Complaint, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States known as the Montreal Convention. Convention for the Unification of Certain Rules Relating to International Carriage by Air, Done at Montreal, Canada, on 28 May 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734 (1999). Accordingly, the rights and liabilities of the parties to this action are governed exclusively by the provisions of the Montreal Convention.

5. Because this action arises under a treaty of the United States, the action may be removed to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(a).

6. Alternatively, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship because Plaintiff is a citizen of New York, Avianca is a foreign corporation duly organized and existing under the laws of Colombia, and, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Southern District of New York, which is the District in which the state court action is pending.

8. This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1441(d).

9. Avianca will promptly provide all parties with written notice of the filing of this Notice of Removal and shall file a copy of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant AVIANCA, INC., prays that this action now pending in the Supreme Court of the State of New York for New York County be removed therefrom to this Court.

Dated: February 22, 2022
New York, New York

Respectfully submitted,

CONDON & FORSYTH LLP

By /s/Bartholomew J. Banino
Bartholomew J. Banino (BB 4164)
Marissa N. Lefland (ML 8217)
Times Square Tower
7 Times Square, 18th Floor
New York, New York 10036
Tel: (212) 490-9100
bbanino@condonlaw.com
mlefland@condonlaw.com

*Attorneys for Defendant*
AVIANCA, INC.

-3-

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

Beatriz Romero, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Monroe, New York.  That on the 22nd day of February 2022 deponent served the within Notice of Removal with Civil Cover Sheet upon:

> Steven Schwartz, Esq.
> LEVIDOW, LEVIDOW & OBERMAN, P.C.
> 299 Broadway-Suite 1800
> New York, New York 10007

at the address designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Beatriz Romero

Sworn to before me this
22nd day of February 2022

_____
Notary Public

> ZOILA CEDENO
> Notary Public, State of New York
> No. 01CE5004983
> Qualified in Queens County
> Commission Expires March 6, 2023

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ROBERTO MATA,

                       Plaintiff(s),

    -against-

AVIANCA, INC.,

-----------------------------------------------------------------X

Index No.: 151004/2022
Date Purchased: 2/3/2022

## SUMMONS

Plaintiff designates
NEW YORK County as the
place of trial.

The basis of the
venue is defendant's
place of business.

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys(s) within twenty (20) days after the service of this summons, exclusive of the date of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
          January 31, 2022

                                                    Yours etc.,

                                                   STEVEN SCHWARTZ, ESQ.
                                                   LEVIDOW, LEVIDOW & OBERMAN, P.C.
                                                   Attorneys for Plaintiff(s)
                                                   299 Broadway-Suite 1800
                                                   New York, New York 10007
                                                   (212) 964-3290

<u>Defendant(s) Address:</u>

1.     CONDON & FORSYTH, LLP, 7 Times Square NY, NY 10036 **Att. Bartholomew Banino, Esq.** accepting service on behalf of **AVIANCA, INC.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X   Index No.:
ROBERTO MATA,

                Plaintiff,

       -against-                                    **VERIFIED COMPLAINT**

AVIANCA, INC.,

                Defendant(s).
-----------------------------------------------------------------X
S I R S:

      The plaintiff, complaining of the defendant by his attorneys, LEVIDOW, LEVIDOW & OBERMAN, P.C., sets forth and alleges upon information and belief as follows:

1. That at all times hereinafter mentioned the plaintiff resides in the County of Nassau, City and State of New York.

2. That at all times hereinafter mentioned defendant AVIANCA, INC., (hereinafter referred to as AVIANCA) was and still is a domestic limited liability company existing under and pursuant to the laws of the State of New York.

3. That at all times hereinafter mentioned defendant AVIANCA owned Avianca Airlines more specifically the airplane en route on flight 670 from El Salvador to New York JFK Airport.

4. That at all times hereinafter mentioned defendant AVIANCA operated the airplane en route on flight 670 from El Salvador to New York JFK Airport.

5. That at all times hereinafter mentioned defendant AVIANCA maintained the airplane en route on flight 670 from El Salvador to New York JFK Airport.

6. That at all times hereinafter mentioned defendant AVIANCA managed the airplane en route on flight 670 from El Salvador to New York JFK Airport.

7. That at all times hereinafter mentioned defendant AVIANCA controlled the airplane en route on flight 670 from El Salvador to New York JFK Airport.

8. That at all times hereinafter mentioned defendant AVIANCA, by its agents, servants and/or employees, was occupying the aforementioned airplane en route on flight 670 from El Salvador to New York JFK Airport.

9. That at all times hereinafter mentioned defendant AVIANCA, by its agents, servants and/or employees, was at the aforementioned airplane en route on flight 670 from El Salvador to New York JFK Airport.

10. That at all times hereinafter mentioned defendant AVIANCA was the managing agent for all or part of the aforementioned airplane en route on flight 670 from El Salvador to New York JFK Airport.

11. That at all times hereinafter mentioned the plaintiff ROBERTO MATA was a passenger on flight 670.

12. That on the 27th day of August, 2019, during the hours of 11:00pm through 1:00am, while the plaintiff was a passenger on flight 670 from San Salvador to New York JFK Airport, an employee of Avianca Airlines struck the plaintiff in his left knee with a metal serving cart causing plaintiff to suffer severe personal injuries.

13. That the defendant was careless, reckless and negligent in causing metal serving cart to be handled in a careless and negligent manner, in failing to have metal serving cart under reasonable and proper control; in causing and permitting the metal serving cart to be handled in an unalert and inattentive manner.

14. That the aforesaid occurrence and injuries resulting to the plaintiff therefrom were caused solely and wholly as a result of the negligence of the defendants without any negligence

on the part of the plaintiff contributing thereto.

15. That as a result of the aforesaid accident, plaintiff sustained severe and crippling injuries which are hereinafter more fully alleged.

16. That by reason of the aforesaid, this plaintiff was caused to sustain and did suffer grievous and painful injuries to his body and limbs and damage and injury to his nervous system and became sick, sore, lame and disabled, causing his to be incapacitated from the performance of his usual occupation or duties, thereby sustaining a loss of earnings, and plaintiff was caused to incur and spend sums for medical care and attendance and he may be forced to expend further sums for medical care and treatment and he may in the future be incapacitated from the performance of his usual occupation or duties and upon information and belief, some of his injuries are of a permanent nature.

WHEREFORE, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Yours etc.,
LEVIDOW, LEVIDOW & OBERMAN, P.C.

By:_____
STEVEN SCHWARTZ, ESQ.
Attorneys for Plaintiff
299 Broadway Ste. 1800
New York, New York 10007
(212) 964-3290

STATE OF NEW YORK            }
                             } ss.:
COUNTY OF NEW YORK           }

**STEVEN SCHWARTZ**, affirms under the penalties of perjury the following:

That he is a member of the firm of **LEVIDOW, LEVIDOW & OBERMAN, P.C.**, attorneys for the plaintiff(s) herein.

That he has read and knows the contents of the foregoing Summons and Complaint, that the same is true of his own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, he believes it to be true.

That the reason why this verification is made by your affirmant instead of by the plaintiff(s) is because the plaintiff(s) is not now within the County of New York, which is the County where your affirmant has his office. Your affirmant further says that the grounds of his belief as to all matters in the said Complaint are statements of said plaintiff(s), papers and records in his possession, and a general investigation of the facts of this case.

Dated:   New York, New York
         January 31, 2022

                                                    _____
                                                         STEVEN SCHWARTZ




# NYSCEF Confirmation Notice
# New York County Supreme Court

The NYSCEF website has received an electronic filing on 02/02/2022 09:26 AM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**
**Roberto Mata v. AVIANCA, INC.,**
**Assigned Judge: None Recorded**

## Documents Received on  02/02/2022 09:26 AM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Peter P Loduca | p.loduca@levidow.com | 2129643290
299 Broadway Ste 1800, New York, NY 10007

## E-mail Notifications

An email regarding this filing has been sent to the following on 02/02/2022 09:26 AM:

**PETER P. LODUCA - p.loduca@levidow.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | AVIANCA, INC., | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956    Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

INDEX NO.:
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

ROBERTO MATA,

      Plaintiff(s),

 -against-

AVIANCA, INC.,

      Defendant(s).

# SUMMONS & VERIFIED COMPLAINT

## LEVIDOW, LEVIDOW & OBERMAN, P.C.
**Attorneys for Plaintiff(s)**
**299 Broadway, Suite 1800**
**New York, New York 10007**
**(212)964-3290**

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

STEVEN A. SCHWARTZ, ESQ., hereby certifies that, pursuant to 22 N.Y.C.R.R §130-1.1a, the foregoing **SUMMONS & VERIFIED COMPLAINT** is not frivolous nor frivolously presented.

Dated:  New York, New York
    February 7, 2022

                        STEVEN A. SCHWARTZ

### NOTICE OF ENTRY

*PLEASE TAKE NOTICE* that the within is a (certified) true copy of a _____ *duly entered in the office of the clerk of the within named court on* _____, 20__.

Dated:  New York, New York
      , 20___

                    *Yours etc,*
                    *LEVIDOW, LEVIDOW & OBERMAN, P.C.*
                    *By:*

### NOTICE OF SETTLEMENT

*PLEASE TAKE NOTICE* that an order_____ *of which the within is a true copy will be presented for settlement to the Hon.* _____ *one of the judges of the within named Court, at on* _____, 20__, at ___ a.m./p.m.

Dated:  New York, New York
      , 20___

                    *Yours etc.*
                    *LEVIDOW, LEVIDOW & OBERMAN, P.C.*
                    *By:*