UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ROBERTO MATA,

                Plaintiff,

   vs.

AVIANCA, INC.,

                Defendant.

------------------------------------------------------------ x

Civil Action No. 22-CV-1461(PKC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

**TABLE OF CONTENTS**

**Table of Contents**

Preliminary Statement .................................................................................................................. 1

Background .................................................................................................................................. 1

Jurisdiction ................................................................................................................................... 2

Argument ...................................................................................................................................... 3

    I.    Legal Standard ................................................................................................................ 3

    II.   This action is time-barred under Article 35 of the Montreal Convention........................... 4

        a. This action is governed exclusively by the Montreal Convention. .................................. 4

        b. Article 35 of the Montreal Convention establishes a two-year limitations period that is a condition precedent to suit. .............................................................................. 4

        c. This action cannot be sustained because it was not filed within two years of from the date of arrival. ................................................................................................. 7

        d. The pendency of the air carrier's bankruptcy proceeding did not toll the two-year limitations period set forth in Article 35. ................................................................ 8

CONCLUSION ............................................................................................................................ 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Air France v. Saks*,
   470 U.S. 392 (1985) ................................................................................................................4

*In re Arnott*,
   512 B.R. 744 (Bankr. S.D.N.Y. 2014) ....................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................3

*Campbell v. Air Jamaica Ltd.*,
   760 F.3d 1165 (11th Cir. 2014) ...............................................................................................8

*Carr v. McGriff*,
   8 A.D.3d 420 (2004) ...............................................................................................................7

*In re Celsius Network LLC*,
   642 B.R. 497 (Bankr. S.D.N.Y. 2022) ....................................................................................8

*City of Pontiac General Employee's Retirement System v. MBIA, Inc.*,
   637 F.3d 169 (2d Cir. 2011) ....................................................................................................3

*D'Engle v. City of New York*,
   No. 14 Civ. 8236 (GBD), 2015 WL 4476477 (S.D.N.Y. July 9, 2014) ..................................9

*Dickson v. Am. Airlines, Inc.*,
   685 F. Supp. 2d 623 (N.D. Tex. 2010) ...................................................................................5

*Duay v. Continental Airlines*,
   No. H-10-CV-1454, 2010 WL 5342824 (S.D. Tex. Dec. 21, 2010) ........................................5

*El Al Israel Airlines, Ltd. v. Tseng*,
   525 U.S. 155 (1999) ................................................................................................................4

*Emigrant Sav. Bank v. Rappaport*,
   20 A.D.3d 502 (2005) .............................................................................................................7

*Fishman v. Delta Air Lines, Inc.*,
   132 F.3d 138 (2d Cir. 1998) ............................................................................................5, 8, 9

*King v. American Airlines*,
   284 F.3d 352 (2d Cir. 2002)...................................................................................................4

*LAM Wholesale, LLC v. United Airlines, Inc.*,
   No. 18-cv-3794, 2019 WL 1439098 (E.D.N.Y. Mar. 31, 2019).................................................8

*Levant v. Nat'l Car Rental, Inc.*,
   33 A.D.3d 367 (1st Dep't 2006) ............................................................................................8

*Maritime Elec. Co. v. United Jersey Bank*,
   959 F.2d 1194 (3d Cir. 1991)..................................................................................................7

*Mateo v. JetBlue Airways*,
   847 F. Supp. 2d 387-88 (E.D.N.Y. 2012) ...........................................................................5, 9

*McBride v. KPMG Int'l*,
   No. 650632/2009, 2014 WL 882790 (N.Y. Sup. Ct. Mar. 4, 2014) .........................................8

*McCaskey v. Cont'l Airlines, Inc.*,
   159 F. Supp. 2d 562 (S.D. Tex. 2001) ...................................................................................9

*Mughal v. Pakistan Int'l Airlines Corp.*,
   No. 14-CV-2505, 2018 WL 1135474 (E.D.N.Y. Feb. 28, 2018) .............................................8

*Narayanan v. British Airways*,
   747 F.3d 1125 (9th Cir. 2014) .............................................................................................5, 6

*Redl v. Nw. Airlines, Inc.*,
   22 F. App'x 652 (8th Cir. 2001) ..............................................................................................9

*Rexnord Holdings, Inc. v. Bidermann*,
   21 F.3d 522 (2d Cir. 1994).................................................................................................7, 8

*Shomo v. City of New York*,
   579 F.3d 176 (2d Cir. 2009)....................................................................................................3

*Staten v. The City of New York*,
   No. 3072302010, 2012 WL 10028592 (N.Y. Sup. Ct. Mar. 21, 2012) ....................................8

*Stewart v. City of New York*,
   No. 11-6935, 2012 WL 2849779 (S.D.N.Y. July 10, 2012).....................................................3

*von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*,
   659 F. App'x 392 (9th Cir. 2016) ........................................................................................5, 6

*von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*,
   No. CV 13-04992 SI, 2014 WL 1867001 (N.D. Cal. May 8, 2014).........................................6

Case 1:22-cv-01461-PKC   Document 18   Filed 01/13/23   Page 5 of 14

*Vumbaca v. Terminal One Group Ass'n L.P.*,
    859 F. Supp. 343 (E.D.N.Y. 2012) ...................................................................................4

**Statutes**

11 U.S.C. § 362(a) ........................................................................................................................7

11 U.S.C. § 362(a)(1).....................................................................................................................7

11 U.S.C. § 362(d) .........................................................................................................................7

28 U.S.C § 1331.............................................................................................................................2

28 U.S.C. § 1332........................................................................................................................2, 3

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ................................................................................................1, 3, 9

**Other Authorities**

Convention for the Unification of Certain Rules for International Carriage by Air,
    done at Montreal on May 28, 1999 (entered into force on November 4, 2003),
    *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (2000), 3 Av. Law.
    Rep. (CCH) ¶ 27,400-59 ("Montreal Convention") ........................................................ *passim*

U.S. Const. art. VI, cl. 2................................................................................................................4

v

**Preliminary Statement**

Defendant AVIANCA, INC. (hereinafter "Avianca") respectfully submits this Memorandum of Law in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Plaintiff's action is time-barred pursuant to the Montreal Convention,[1] which exclusively governs the parties' claims and defenses in this action.

Pursuant to Article 35 of the Montreal Convention, an action for damages sustained during international air transportation is "extinguished" if it is not commenced within two years of the completion of the transportation. In this case, Plaintiff's transportation concluded on August 27, 2019, yet this action was filed more than two years later, on February 2, 2022. The two-year limitations period cannot be tolled.

Accordingly, Avianca respectfully submits that Plaintiff's Verified Complaint should be dismissed as time-barred pursuant to Article 35 of the Montreal Convention.

**Background**

On August 27, 2019, Plaintiff was a passenger on Avianca flight 670 from San Salvador, El Salvador to New York, United States. *See* Compl., ¶ 10. Plaintiff had been traveling on a round-trip ticket from New York to San Salvador. *See* Declaration of Bartholomew J. Banino dated January 12, 2022 ("Banino Declaration"), ¶ 3. Plaintiff alleges that while he was sitting in his assigned seat, his left knee was struck with a metal serving cart. *See* Compl., ¶ 12. As a result, Plaintiff alleges to have sustained personal injuries to his "body and limbs and damages and injury to his nervous system," as well as "causing his [sic] to be incapacitated from the performance of

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (2000), 3 Av. Law. Rep. (CCH) ¶ 27,400-59 ("Montreal Convention")

1

his usual occupation or duties." *See* Compl., ¶ 16. Plaintiff asserts a single cause of action against Avianca for negligence. *See* Compl., ¶ 13.

Avianca filed a Voluntary Bankruptcy Petition on May 10, 2020. *See* Avianca's Voluntary Bankruptcy Petition, attached as Exhibit A to the Banino Declaration. Two months later, on July 27, 2020, Plaintiff filed a complaint against Avianca in New York Supreme Court for New York County. *See* Banino Declaration, ¶ 5. Because the complaint was filed after Avianca filed its Voluntary Bankruptcy Petition, it was void *ab initio*. For the duration of Avianca's bankruptcy proceeding, Plaintiff did not move before the bankruptcy court to seek relief from the stay or file a claim with the bankruptcy court. *See* Banino Declaration, ¶ 6. On February 2, 2022, Plaintiff then filed a Stipulation to Dismiss without prejudice. *See* Banino Declaration, ¶ 7.

Plaintiff commenced the instant action on February 2, 2022, by filing a Complaint in New York Supreme Court, which Avianca removed to this Court on February 22, 2022. *See* Docket Entry ("D.E.") 1, Notice of Removal. Pursuant to the November 17, 2022 Order, this Court permitted Avianca to file its Motion to Dismiss by January 13, 2023. *See* D.E. 15, Court Order dated November 17, 2022.

## **Jurisdiction**

This Court has original jurisdiction pursuant to 28 U.S.C § 1331, which provides that federal courts have jurisdiction for "all civil actions arising under the Constitution, laws or treaties of the United States." In the case at bar, Plaintiff's allegations set forth in his Verified Complaint arise from an incident that occurred during "international carriage" as defined by Article 1 of the Montreal Convention. Thus, 28 U.S.C § 1331 provides subject matter jurisdiction over this case.

Alternatively, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, which sets forth the requirements for diversity jurisdiction. Here, Plaintiff is a citizen of New York and

Avianca is a foreign corporation duly organized and existing under the laws of Colombia, and, upon information and belief, the amount in controversy exceeds $75,000, exclusive of interest and costs. This case therefore also satisfies the jurisdictional requirements of § 1332.

## Argument

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." When moving to dismiss under 12(b)(6), the Court must accept "all factual allegations in the complaint as true, and [draw] all reasonable inferences in the plaintiff's favor." *City of Pontiac General Employee's Retirement System v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011) (citing *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). "Although for the purposes of a motion to dismiss, the Court must 'take all of the factual allegations in the complaint as true,' the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Stewart v. City of New York*, No. 11-6935, 2012 WL 2849779, at *5 (S.D.N.Y. July 10, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must consist of more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible," the complaint must be dismissed. *See id.* at 570.

3

**II.     This action is time-barred under Article 35 of the Montreal Convention.**

    **a.     This action is governed exclusively by the Montreal Convention**.

The Montreal Convention governs any action involving the "international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, art. 1. As a treaty of the United States, the Montreal Convention is the supreme law of the land. *See* U.S. Const. art. VI, cl. 2; *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155 (1999); *Air France v. Saks*, 470 U.S. 392 (1985).[2] Pursuant to Article 29 of the Montreal Convention, the Montreal Convention preempts all claims that arise within the scope of the Convention, regardless of whether such claims sound in tort or contract, and the Convention supersedes state law and policy. The Montreal Convention "serve[s] as the exclusive mechanism for remedying injuries suffered in the course of international transportation." *King v. American Airlines*, 284 F.3d 352, 356-7 (2d Cir. 2002).

Here, Plaintiff was traveling as a passenger on an international flight when he allegedly sustained his injuries. Accordingly, the terms and provisions of the Montreal Convention exclusively govern the rights and liabilities of the parties. *See Tseng*, 525 U.S. 156; *King,* 284 F.3d 357.

    **b.     Article 35 of the Montreal Convention establishes a two-year limitations period that is a condition precedent to suit.**

Claims for damages under the Montreal Convention are subject to the "conditions and such limits of liability as are set out" therein. *See* Montreal Convention, art. 29. One such condition is the time frame within which an action must be commenced, which is set forth in Article 35 and provides:

> The right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped.

---

[2] The Montreal Convention "is largely substantially unchanged from its predecessor treaty, the Warsaw Convention, and is construed using case law interpreting that treaty." *See Vumbaca v. Terminal One Group Ass'n L.P.*, 859 F. Supp. 343, 361-62 (E.D.N.Y. 2012).

Montreal Convention, art. 35(1).

The two-year time bar is not a statute of limitations; rather, it is a condition precedent to commencing an action under the Montreal Convention. *See Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143-45 (2d Cir. 1998); *Dickson v. Am. Airlines, Inc.*, 685 F. Supp. 2d 623, 627 (N.D. Tex. 2010) (defining the time limitation as a "repose provision" or "condition precedent").

Read in conjunction, Articles 29 and 35 "require that a claim for damages under the Convention must be filed within two-years of the date upon which the aircraft arrived, or ought to have arrived, at its destination." *See von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*, 659 F. App'x 392, 393 (9th Cir. 2016) (quoting *Narayanan v. British Airways*, 747 F.3d 1125, 1128 (9th Cir. 2014)). Thus, a passenger's claims are "extinguished" if an action is not commenced within two years of arrival at their destination. *See Fishman*, 132 F.3d 143-45 (affirming dismissal of action which was filed two years and three months after plaintiffs' arrival at the destination); *Mateo v. JetBlue Airways*, 847 F. Supp. 2d 387-88 (E.D.N.Y. 2012) (dismissing action commenced approximately two years and six months after plaintiffs' arrival); *Duay v. Continental Airlines*, No. H-10-CV-1454, 2010 WL 5342824, at 4* & n.4 (S.D. Tex. Dec. 21, 2010) (dismissal of action commenced two years and sixteen days after arrival).

Because causes of action brought under the Montreal Convention are barred if not brought within two years from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, Article 35 essentially involves a "determination of whether the plaintiff ha[s] taken the necessary measures within the two-year period to invoke that particular court's jurisdiction over the action." *See Fishman,* 132 F.3d at 144. There are no exceptions to the time limitation; it cannot be ignored or avoided.

In *von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*, Plaintiff filed two causes of action against defendant under the Montreal Convention: the first action was filed within the two-year limitations period, and the second action was not. *See von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*, No. CV 13-04992 SI, 2014 WL 1867001, at *2-3 (N.D. Cal. May 8, 2014). Defendants filed a motion to dismiss the second action on the basis that it was filed more than two years after the conclusion of the transportation. *Id.* at *6. Plaintiff argued that because the first action was timely filed and complied with Article 35's time limitation, he had complied with the requirements of Article 35. *Id.* The District Court agreed with defendant and dismissed the case. *Id.* at *10. The Ninth Circuit affirmed, reasoning that the plain language of Article 35(1) bars *any* action brought for damages under the Montreal Convention if it is commenced after the two-year limitations period expires. *See von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*, 659 F. App'x 392, 393-394 (9th Cir. 2016). The court explained that Article 29 provides that "*any* action for damages . . . can only be brought subject to the conditions and such limits of liability as are set out in [the] Convention," and one such limitation is the two-year time bar set forth in Article 35. *Id.* (quoting Montreal Convention, art. 29) (emphasis in original). "'Taken together, Articles 29 and 35(1) require that a claim for damages under the Convention must be filed within two years of the date upon which the aircraft arrived, or ought to have arrived, at its destination.'" *Id.* (quoting *Narayanan v. British Airways*, 747 F.3d 1125, 1128 (9th Cir. 2014)). As a result, that Ms. von Schoenebeck's first action was timely filed had no bearing on the second action, which "plainly was not," and her claims were properly dismissed.

Accordingly, any action for damages under the Montreal Convention must be brought within two years of the date of arrival.

### c. **This action cannot be sustained because it was not filed within two years of from the date of arrival.**

Plaintiff commenced this action two years and five months from the date of his arrival at his destination. Accordingly, it is untimely under Article 35.

Although Plaintiff's initial action was filed within two years from the date of the incident, that action was void *ab initio* because it was filed while Avianca was in bankruptcy. *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) ("Any proceedings or actions described in section 361(a)(1) are void and without vitality if they occur after the automatic stay takes effect.")

Section 362 of the Bankruptcy Code reads, in part, that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The automatic stay described in Section 362 takes immediate effect, *see Carr v. McGriff*, 8 A.D.3d 420, 422 (2004), and applies to "all entities," and must be followed by all courts. *See Emigrant Sav. Bank v. Rappaport,* 20 A.D.3d 502, 503 (2005); *see also Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1206 (3d Cir. 1991) (quoting 11 USC § 362(a)). To seek relief from an automatic stay, a movant must move before the bankruptcy court and plead their case in support of a motion for relief, for only the bankruptcy court has the authority to entertain and grant relief in an action against a debtor for a claim that arose before the commencement of the bankruptcy proceeding but brought during the stay period. *See* 11 U.S.C. § 362(d); *see also In re Arnott*, 512 B.R. 744, 753 (Bankr. S.D.N.Y. 2014). If a cause of action is brought against a debtor while the automatic stay is in place, that civil action is considered void

*ab initio*. *See Rexnord Holdings*, 21 F.3d at 527; *Levant v. Nat'l Car Rental, Inc.,* 33 A.D.3d 367, 368, (1st Dep't 2006); *McBride v. KPMG Int'l*, No. 650632/2009, 2014 WL 882790, at *1 (N.Y. Sup. Ct. Mar. 4, 2014); *Staten v. The City of New York*, No. 3072302010, 2012 WL 10028592, at *1 (N.Y. Sup. Ct. Mar. 21, 2012). *See generally In re Celsius Network LLC*, 642 B.R. 497, 503 (Bankr. S.D.N.Y. 2022) (explaining purpose of the automatic stay is for debtors to prioritize reorganization and not become distracted by litigation in other courts).

Accordingly, the automatic stay rendered the first complaint a nullity. Plaintiff did not move for relief from the bankruptcy court, nor did Plaintiff file a claim with the bankruptcy court. Therefore, Plaintiff cannot recover on these claims.

### d. The pendency of the air carrier's bankruptcy proceeding did not toll the two-year limitations period set forth in Article 35.

"Courts have refused to apply local tolling rules to [Montreal] convention claims" because of the condition precedent established in Article 35. *See Campbell v. Air Jamaica Ltd*., 760 F.3d 1165, 1175 (11th Cir. 2014). This rationale dates to the Warsaw Convention of 1929, whose drafters "intended to avoid the application of tolling rules" of individual jurisdictions to Convention claims, and the relevant language from the Warsaw Convention was later incorporated in Article 35 of the Montreal Convention. *See Campbell*, 760 F.3d at 1175, 1177; *see also Fishman,* 132 F.3d at 143 ("The drafters of the Convention specifically considered and rejected a proposed provision that would have allowed the limitations period to be tolled according to the law of the forum court."); *Mughal v. Pakistan Int'l Airlines Corp.*, No. 14-CV-2505, 2018 WL 1135474, at *3 (E.D.N.Y. Feb. 28, 2018) (dismissing untimely claim and finding that the Convention's time bar cannot be modified by provisions of New York's Civil Practice Law and Rules regarding incompetency); *LAM Wholesale, LLC v. United Airlines, Inc.*, No. 18-cv-3794, 2019 WL 1439098, at *2 (E.D.N.Y. Mar. 31, 2019) (refusing to apply New York's three-year statute of limitations

8

where Montreal Convention governs, and noting that the Convention's time bar is not subject to tolling) (collecting cases).

Further, as a "statute of repose," which extinguishes a cause of action after a fixed period of time, regardless of when the cause of action accrued, Article 35 is not subject to equitable tolling. *See D'Engle v. City of New York*, No. 14 Civ. 8236 (GBD), 2015 WL 4476477, at *3 (S.D.N.Y. July 9, 2014) (citing *Fishman*, 132 F.3d at 143, and *Mateo*, 847 F. Supp. 2d at 388); *Redl v. Nw. Airlines, Inc.*, 22 F. App'x 652, 654 (8th Cir. 2001) (holding that Article 29 of the Warsaw Convention is not subject to equitable tolling); *McCaskey v. Cont'l Airlines, Inc.*, 159 F. Supp. 2d 562, 580-81 (S.D. Tex. 2001) (holding that Article 29 of the Warsaw Convention is not subject to state law tolling provision for fraudulent concealment).

Since courts refuse to apply tolling rules to Convention claims, and no exception to the condition precedent set forth in Article 35 exists, bankruptcy proceedings do not toll actions governed by the Montreal Convention.

## CONCLUSION

For the foregoing reasons, Defendant AVIANCA, INC., respectfully requests that this Court grant its Motion and issue an Order dismissing Plaintiff's Verified Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: New York, New York
       January 13, 2022

CONDON & FORSYTH LLP

By: *[signature]*
Bartholomew J. Banino (BB 4164)
bbanino@condonlaw.com
Marissa N. Lefland (ML 8217)
mlefland@condonlaw.com

*Attorneys for Defendant Avianca, Inc.*

9