IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   Civil Action No.: 22-cv-1461 (PKC)

ROBERTA MATA,

                Plaintiff,

                                                        ***AFFIRMATION IN***

        -against-                                       ***OPPOSITION***

AVIANCA, INC.,

                Defendant(s).

---------------------------------------------------------------X

I, PETER LODUCA, declare as follows:

1. I am an attorney associated with the law firm of Levidow, Levidow & Oberman, P.C., attorneys for the plaintiff herein, and as such, is fully familiar with all the facts and circumstances in this action.

2. I submit this Affirmation in Opposition to defendants' AVIANCA, INC'S ("Avianca") Motion to Dismiss for failure to state a claim upon which relief may be granted and seeks dismissal of plaintiff, ROBERTA MATA's Complaint and for such other and further relief as this Court deems just and proper.

3. That this claim for personal injuries arises out of plaintiff having been injured on August 27, 2019, when struck by a metal serving cart by an employee of defendant AVIANCA while a passenger on flight 670 travelling from El Salvador to New York.

4. Plaintiff respectfully submits that AVIANCA is liable for the injuries sustained by the plaintiff because plaintiff MATA's claim was not time barred as the filing of a bankruptcy petition by the Defendant AVIANCA tolled the two-year statute of limitations under the Montreal Convention. Furthermore, plaintiff originally brought his claim in New York State Court within the applicable three-year statute of limitations maintained for negligence claims. The courts have routinely held that the Montreal Convention does not preempt state law

remedies on claims arising out of international airline accidents and that state courts have concurrent jurisdiction in such instances.

## *FACTUAL BACKGROUND*

5. Plaintiff ROBERTO MATA, on August 27, 2019, was a passenger on Avianca flight 670 from San Salvador, El Salvador to New York, United States.

6. That during the flight, while seated in his assigned seat, plaintiff was struck on the left knee by a metal snack/drink cart which was being pushed down the aisle by an employee of defendant AVIANCA, suffering serious injuries.

7. That as a result of the injuries, on or about July 20, 2020, plaintiff filed a complaint against defendant AVIANCA in New York State Supreme Court, New York County (see attached exhibit "A").

8. That it was not until November 20, 2020, that counsel for defendant AVIANCA informed plaintiff's counsel that defendant AVIANCA had filed their bankruptcy petition on May 10, 2020 and that an automatic stay was in effect as provided by the Bankruptcy Code.

9. That on January 14, 2022, plaintiff's counsel, having become aware that defendant AVIANCA had emerged from bankruptcy contacted defendant's counsel, regarding interposing an Answer to plaintiff's complaint filed on July 20, 2020.

10. That on or about January 31, 2022, the parties mutually executed a stipulation of discontinuance of the complaint filed on July 20, 2020 as it had been filed during the period of time when the automatic stay was in effect (See attached exhibit "B").

11. That on February 2, 2022, after defendant AVIANCA emerged from bankruptcy plaintiff commenced the instant action by filing a complaint against defendant AVIANCA in New York County Supreme Court still well within the applicable three-year statute of limitations allowable in New York State, the state of domicile of the plaintiff. (See attached exhibit

"C").

12.    That defendant chose to remove said action to this Court on February 22, 2022.

## ARGUMENT

### I. Legal Standard

13.    The plaintiff is entitled to the benefit of any doubt: When evaluating a motion to dismiss, the court must give the plaintiff the benefit of any doubt. This means that if there is any ambiguity in the plaintiff's complaint or if the facts are in dispute, the court should allow the case to proceed to the discovery stage.

The plaintiff is not required to anticipate and refute every possible defense:

When drafting their complaint, the plaintiff is not required to anticipate and refute every possible defense that the defendant may raise. Rather, the plaintiff only needs to allege enough facts to state a plausible claim for relief. If the defendant raises new facts or arguments in their motion to dismiss, the plaintiff is not required to respond to these arguments unless they are supported by new evidence that was not available at the time the complaint was filed.

In the case of Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that when evaluating a motion to dismiss, the court must accept all well-pleaded factual allegations as true, but need not accept legal conclusions or "threadbare recitals of the elements" of a claim. The Court also held that the plaintiff must allege enough facts to state a plausible claim for relief, and that the court should consider all plausible interpretations of the complaint when making this determination.

In Doe v. United States, 419 F.3d 1058 (9th Cir. 2005), the Ninth Circuit held that the court must accept all well-pleaded factual allegations in the complaint as true, and must draw all reasonable inferences in favor of the plaintiff. The Court also held that the plaintiff need

not anticipate and refute every possible defense that the defendant may raise, and that the plaintiff is entitled to the benefit of any doubt.

## II. State Courts have concurrent jurisdiction over claims arising out of international airline accidents under the Montreal Convention and plaintiff was well within his rights to commence his timely action in state court

14. Section 214 (5) of the New York Civil Practice Law and Rules (CPLR) provides that an action to recover damages for personal injury caused by the negligence of the defendant must be commenced within three years of the date of the accident.

Plaintiff was injured on August 27, 2019. At the time he was domiciled in the state of New York. The original complaint was filed on July 20, 2020. The instant action was commenced on February 2, 2022, both filings well within the prescribed three-year statute of limitations allowable in the state of New York. It was the defendant AVIANCA who chose to remove the action to this Court, at which point the action was already commenced in a timely manner.

15. Both federal and state courts alike have continually held that the Montreal Convention does not preempt state law remedies and that plaintiffs are entitled to choose the forum in which to bring their claim. In Shaboon v. Egyptair, 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013), the Illinois Appellate Court held that state courts have concurrent jurisdiction over claims arising out of an international airline accident under the Montreal Convention, and that the plaintiff was not required to bring their claim in federal court. The Court noted that the Montreal Convention allows for jurisdiction to be established in the courts of the country where the passenger has their domicile or principal place of business, and that the plaintiff had satisfied this requirement by filing their claim in state court in Illinois.

Similarly, in Peterson v. Iran Air, 905 F. Supp. 2d 121 (D.D.C. 2012), the District Court for

the District of Columbia held that state courts have concurrent jurisdiction over claims arising out of an international airline accident under the Montreal Convention, and that the plaintiff was not required to bring their claim in federal court. The Court noted that the Montreal Convention allows for jurisdiction to be established in the courts of the country where the passenger has their domicile or principal place of business, and that the plaintiff had satisfied this requirement by filing their claim in state court in Washington.

In <u>Ehrlich v. American Airlines, Inc.</u>, 360 N.J. Super. 360 (App. Div. 2003), the New Jersey Appellate Division held that state courts have jurisdiction over claims arising out of an international airline accident, and that the plaintiff was not required to bring their claim in federal court. The Court held that state courts have concurrent jurisdiction over claims arising out of international airline accidents, and that the plaintiff was entitled to choose the forum in which to bring their claim.

In <u>Martinez v. Delta Airlines, Inc.</u>, 2019 WL 4639462 (Tex. App. Sept. 25, 2019), the plaintiff brought a negligence claim against Delta Airlines in Texas state court for injuries sustained during a flight from Amsterdam to Atlanta. The court held that it had jurisdiction over the claim because Delta had a significant presence in Texas and the plaintiff had suffered injuries in Texas. The court also applied the Montreal Convention, which provided the cause of action for the plaintiff's claim.

Lastly, in <u>Estate of Durden v. KLM Royal Dutch Airlines</u>, 2017 WL 2418825 (Ga. Ct. App. June 5, 2017). the estate of a passenger who died on a KLM flight from Amsterdam to Atlanta brought a wrongful death claim in Georgia state court. The court held that it had jurisdiction over the claim because KLM had a registered agent in Georgia and regularly conducted business in the state. The court also applied the Montreal Convention to the claim.

In the instant action, the plaintiff resided in the state of New York at the time of the incident and at the time the action was commenced. Additionally, the defendant AVIANCA had a registered agent in New York and regularly conducted and conducts business in New York. Thereby, plaintiff was well within his rights in bringing this action in the state of New York timely commencing same within the applicable three-year statute of limitations. It was the defendant AVIANCA who removed the action to federal court, at which time the action was already commenced in a timely fashion. Therefore, any argument by the defendant that plaintiff's action is time barred by Article 35 of the Montreal Convention is without merit.

### III.     The Statute of Limitations is tolled by the bankruptcy of the defendant under the Montreal Convention

16.     The United States Court of Appeals for the Eleventh Circuit specifically addresses the effect of a bankruptcy stay under the Montreal Convention in the case of Varghese v. China Southern Airlines Co., Ltd., 925 F.3d 1339 (11th Cir. 2019), stating "Appellants argue that the district court erred in dismissing their claims as untimely. They assert that the limitations period under the Montreal Convention was tolled during the pendency of the Bankruptcy Court proceedings. We agree. The Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of proceedings against the debtor that were or could have been commenced before the bankruptcy case was filed. 11 U.S.C. § 362(a). The tolling effect of the automatic stay on a statute of limitations is generally a matter of federal law. See Kaiser Steel Corp. v. W.S. Ranch Co., 391 U.S. 593, 598, 88 S. Ct. 1753, 20 L.Ed.2d 835 (1968). We have previously held that the automatic stay provisions of the Bankruptcy Code may toll the statute of limitations under the Warsaw Convention, which is the precursor to the Montreal Convention. See Zicherman v. Korean Air Lines Co., Ltd., 516 F.3d 1237, 1254 (11th Cir. 2008). We see no reason why the same rule should not apply under the Montreal

Convention. Congress enacted the Montreal Convention to 'modernize and unify the Warsaw Convention system by establishing new and uniform rules governing the international carriage of persons, baggage, and cargo. "El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). In doing so, Congress sought to provide passengers with greater certainty and predictability in the event of an accident. Id. at 166, 119 S. Ct. 662. Allowing the tolling of the limitations period during the pendency of bankruptcy proceedings furthers this goal by ensuring that passengers have a meaningful opportunity to bring their claims for compensation."

The Court in Varghese, relied on their decision in the case of Zicherman v. Korean Air Lines Co., Ltd., 516 F.3d 1237 (11th Cir. 2008), where the court stated, "We agree with the district court that the statute of limitations in this case was tolled by the filing of Korean Air's bankruptcy petition. Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of proceedings against the debtor that were or could have been commenced before the bankruptcy case was filed. 11 U.S.C. § 362(a)(1). The tolling effect of the automatic stay on a statute of limitations is generally a matter of federal law. Kaiser Steel Corp. v. W.S. Ranch Co., 391 U.S. 593, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968). Korean Air filed for bankruptcy on December 23, 1998, and appellants filed their initial complaint on December 17, 2001, within three years of the accident but after the expiration of the limitations period. The bankruptcy court lifted the stay as to appellants' claims on December 10, 2001. We agree with the district court that the filing of the bankruptcy petition tolled the statute of limitations until the stay was lifted as to appellants' claims. Appellants contend that the Warsaw Convention, which governs liability for international air travel, preempts any tolling of the limitations period by the automatic stay provision of the Bankruptcy Code. We disagree. Although the Warsaw Convention provides

a two-year limitations period for personal injury claims, it does not contain any provision addressing the tolling of that limitations period. In the absence of such a provision, we have held that the automatic stay provision of the Bankruptcy Code may toll the statute of limitations under the Warsaw Convention. Miller v. United Airlines, Inc., 174 F.3d 366, 371-72 (2d Cir. 1999); In re Air Crash Disaster Near New Orleans, La., 821 F.2d 1147, 1165 (5th Cir. 1987)."

In the instant case, defendant AVIANCA filed a petition for bankruptcy on May 10, 2020 thus creating an automatic stay under the Bankruptcy Code. As detailed by the relevant case law noted above, the automatic stay provisions of the Bankruptcy Code effectively tolled the two-year statute of limitations under Chapter 35 the Montreal Convention. In November 2021, the Bankruptcy Court approved defendant AVIANCA's restructuring plan which allowed the defendant to emerge from bankruptcy at the end of 2021. As previously noted, the within action was commenced on February 2, 2022, well within the two years allowable under the Montreal Convention due to the tolling of the statute of limitations.

## ***CONCLUSION***

17. Plaintiff lawfully brought this action in New York State Supreme Court New York County commencing same well within the applicable three-year statute of limitations. It was at this specific juncture that the statute of limitations was satisfied. Subsequently, the defendant removed the case to this Court. Defendant's allegation that, due to the removal, a different statute of limitations now applies is simply not accurate. Furthermore, even if this Court were to somehow conclude that the two-year statute of limitations does apply under the Montreal Convention, the automatic stay provision under the Bankruptcy Code tolled same, making the commencement of the within action timely regardless.

18. For all of the foregoing reasons, Defendant AVIANCA's Motion for an Order dismissing

Plaintiff's Verified Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) should be denied in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 28, 2023

*Pet LoDuca*
PETER LODUCA

To: (Via ECF)

Condon & Forsyth, LLP
Bartholomew J. Banino
7 Times Square, 18th Fl
New York, NY 10036
(212)490-9100

Attorneys for Defendant
AVIANCA, INC.