# EXHIBIT "A"

FILED: NEW YORK COUNTY CLERK 07/28/2020 09:16 AM                INDEX NO. 155766/2020
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 07/28/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
ROBERTO MATA,

                             Plaintiff(s),

    -against-

AVIANCA, INC.,

------------------------------------------------------------------X

Index No.:
Date Purchased:

## SUMMONS

Plaintiff designates
NEW YORK County as the
place of trial.

The basis of the
venue is defendant's
place of business.

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys(s) within twenty (20) days after the service of this summons, exclusive of the date of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 27, 2020

                                                                  Yours etc.,

                                                                  STEVEN SCHWARTZ, ESQ.
                                                                  LEVIDOW, LEVIDOW & OBERMAN, P.C.
                                                                  Attorneys for Plaintiff(s)
                                                                  299 Broadway-Suite 1800
                                                                  New York, New York 10007
                                                                  (212) 964-3290

Defendant(s) Address:

1.    AVIANCA, INC. – KMA Zuckert 1350 Broadway Ste. 2410, NY, NY **Att. Jennifer Huang, Esq.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X   Index No.:
ROBERTO MATA,

                Plaintiff,

    -against-                                        **VERIFIED COMPLAINT**

AVIANCA, INC.,

                Defendant(s).
-----------------------------------------------------------------X
S I R S:

    The plaintiff, complaining of the defendant by her attorneys, LEVIDOW, LEVIDOW & OBERMAN, P.C., sets forth and alleges upon information and belief as follows:

1. That at all times hereinafter mentioned the plaintiff resides in the County of Nassau, City and State of New York.

2. That at all times hereinafter mentioned defendant AVIANCA, INC., (hereinafter referred to as AVIANCA) was and still is a domestic limited liability company existing under and pursuant to the laws of the State of New York.

3. That at all times hereinafter mentioned defendant AVIANCA owned Avianca Airlines more specifically the airplane en route on flight 670 from El Salvador to New York JFK Airport.

4. That at all times hereinafter mentioned defendant AVIANCA operated the airplane en route on flight 670 from El Salvador to New York JFK Airport.

5. That at all times hereinafter mentioned defendant AVIANCA maintained the airplane en route on flight 670 from El Salvador to New York JFK Airport.

6. That at all times hereinafter mentioned defendant AVIANCA managed the airplane en route on flight 670 from El Salvador to New York JFK Airport.

7. That at all times hereinafter mentioned defendant AVIANCA controlled the airplane en route on flight 670 from El Salvador to New York JFK Airport.

8. That at all times hereinafter mentioned defendant AVIANCA, by its agents, servants and/or employees, was occupying the aforementioned airplane en route on flight 670 from El Salvador to New York JFK Airport.

9. That at all times hereinafter mentioned defendant AVIANCA, by its agents, servants and/or employees, was at the aforementioned airplane en route on flight 670 from El Salvador to New York JFK Airport.

10. That at all times hereinafter mentioned defendant AVIANCA was the managing agent for all or part of the aforementioned airplane en route on flight 670 from El Salvador to New York JFK Airport.

11. That at all times hereinafter mentioned the plaintiff ROBERTO MATA was a passenger on flight 670.

12. That on the 27th day of August, 2019, during the hours of 11:00pm through 1:00am, while the plaintiff was a passenger on flight 670 from San Salvador to New York JFK Airport, an employee of Avianca Airlines struck the plaintiff in his left knee with a metal serving cart causing plaintiff to suffer severe personal injuries.

13. That the defendant was careless, reckless and negligent in causing metal serving cart to be handled in a careless and negligent manner, in failing to have metal serving cart under reasonable and proper control; in causing and permitting the metal serving cart to be handled in an unalert and inattentive manner.

14. That the aforesaid occurrence and injuries resulting to the plaintiff therefrom were caused solely and wholly as a result of the negligence of the defendant's without any negligence

on the part of the plaintiff contributing thereto.

15. That as a result of the aforesaid accident, plaintiff sustained severe and crippling injuries which are hereinafter more fully alleged.

16. That by reason of the aforesaid, this plaintiff was caused to sustain and did suffer grievous and painful injuries to his body and limbs and damage and injury to his nervous system and became sick, sore, lame and disabled, causing his to be incapacitated from the performance of his usual occupation or duties, thereby sustaining a loss of earnings, and plaintiff was caused to incur and spend sums for medical care and attendance and he may be forced to expend further sums for medical care and treatment and he may in the future be incapacitated from the performance of his usual occupation or duties and upon information and belief, some of his injuries are of a permanent nature.

**WHEREFORE**, plaintiff demands judgment against the defendant in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Yours etc.,
LEVIDOW, LEVIDOW & OBERMAN, P.C.

By: _____
STEVEN SCHWARTZ, ESQ.
Attorneys for Plaintiff
299 Broadway Ste. 1800
New York, New York 10007
(212) 964-3290

STATE OF NEW YORK        }
                         } ss.:
COUNTY OF NEW YORK       }

**STEVEN SCHWARTZ**, affirms under the penalties of perjury the following:

That he is a member of the firm of **LEVIDOW, LEVIDOW & OBERMAN, P.C.**, attorneys for the plaintiff(s) herein.

That he has read and knows the contents of the foregoing Summons and Complaint, that the same is true of his own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, he believes it to be true.

That the reason why this verification is made by your affirmant instead of by the plaintiff(s) is because the plaintiff(s) is not now within the County of New York, which is the County where your affirmant has his office. Your affirmant further says that the grounds of his belief as to all matters in the said Complaint are statements of said plaintiff(s), papers and records in his possession, and a general investigation of the facts of this case.

Dated:   New York, New York
         July 27, 2020

_____
STEVEN SCHWARTZ

FILED: NEW YORK COUNTY CLERK 07/28/2020 09:16 AM    INDEX NO. 155766/2020
NYSCEF DOC. NO. 1                                                                 RECEIVED NYSCEF: 07/28/2020

INDEX NO.:
**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

ROBERTO MATA,

                Plaintiff(s),

      -against-

AVIANCA, INC.,

                Defendant(s).

# SUMMONS & VERIFIED COMPLAINT

## LEVIDOW, LEVIDOW & OBERMAN, P.C.
**Attorneys for Plaintiff(s)**
299 Broadway, Suite 1800
New York, New York 10007
(212)964-3290

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

STEVEN A. SCHWARTZ, ESQ., hereby certifies that, pursuant to 22 N.Y.C.R.R §130-1.1a, the foregoing **SUMMONS & VERIFIED COMPLAINT** is not frivolous nor frivolously presented.

Dated:   New York, New York
         July 27, 2020

                            STEVEN J. SCHWARTZ

### NOTICE OF ENTRY

PLEASE TAKE NOTICE that the within is a (certified) true copy of a _____ duly entered in the office of the clerk of the within named court on _____, 20___.

Dated:   New York, New York
                20

                            Yours etc.
                            LEVIDOW, LEVIDOW & OBERMAN, P.C.
                            By:

### NOTICE OF SETTLEMENT

PLEASE TAKE NOTICE that an order _____ of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at on _____, 20___, at ___ a.m. p.m.

Dated:   New York, New York
                20

                            Yours etc.
                            LEVIDOW, LEVIDOW & OBERMAN, P.C.
                            By: