UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ROBERTO MATA,

                Plaintiff,

   vs.

AVIANCA, INC.,

                Defendant.

------------------------------------------------------------ x

Civil Action No.  22-CV-1461(PKC)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

**Preliminary Statement**

Defendant AVIANCA, INC. ("Avianca"), by and through its attorneys, Condon & Forsyth LLP, respectfully submit this Reply Memorandum of Law in further support of its Motion to Dismiss the claims alleged in Plaintiff's Verified Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that Plaintiff's action is time-barred pursuant to Article 35 of the Montreal Convention.

Plaintiff does not dispute that this action is governed by the Montreal Convention, and Plaintiff has not cited any existing authority holding that the Bankruptcy Code tolls the two-year limitations period or that New York law supplies the relevant statute of limitations. Although Plaintiff ostensibly cites to a variety of cases in opposition to this motion, the undersigned has been unable to locate most of the case law cited in Plaintiff's Affirmation in Opposition, and the few cases which the undersigned has been able to locate do not stand for the propositions for which they are cited.

For these reasons, Avianca respectfully submits that the Verified Complaint should be dismissed as untimely.

**Argument**

**I.     There are no cases holding that the Bankruptcy Code tolls the two-year limitations period established in Article 35 of the Montreal Convention.**

As set forth in Avianca's original moving papers, it is well established that local tolling rules do not apply to the limitations period set forth in Article 35 of the Montreal Convention. *See Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 144 (2d Cir. 1998); *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1117 (11th Cir. 2014); *LAM Wholesale, LLC v. United Airlines, Inc.*, No. 18-cv-3794, 2019 WL 1439098, at *2 (E.D.N.Y. Mar. 31, 2019); *Mateo v. JetBlue Airways*, 847 F. Supp. 2d 383, 387-88 (E.D.N.Y. 2012); *see also* 17 N.Y. Jur. 2d Carriers § 542 (2023).

In support of his position that the Bankruptcy Code tolls the two-year limitations period, Plaintiff cites to "*Varghese v. China Southern Airlines Co., Ltd.*, 925 F.3d 1339 (11th Cir. 2019)." The undersigned has not been able to locate this case by caption or citation, nor any case bearing any resemblance to it. Plaintiff offers lengthy quotations purportedly from the "*Varghese*" case, including: "We [the Eleventh Circuit] have previously held that the automatic stay provisions of the Bankruptcy Code may toll the statute of limitations under the Warsaw Convention, which is the precursor to the Montreal Convention . . . We see no reason why the same rule should not apply under the Montreal Convention." The undersigned has not been able to locate this quotation, nor anything like it any case. The quotation purports to cite to "*Zicherman v. Korean Air Lines Co., Ltd.*, 516 F.3d 1237, 1254 (11th Cir. 2008)." The undersigned has not been able to locate this case; although there was a Supreme Court case captioned *Zicherman v. Korean Air Lines Co., Ltd.*, that case was decided in 1996, it originated in the Southern District of New York and was appealed to the Second Circuit, and it did not address the limitations period set forth in the Warsaw Convention. 516 U.S. 217 (1996).

A second, similar quotation from "*Varghese*" purports to cite to "*Miller v. United Airlines, Inc.*, 174 F.3d 366, 371-72 (2d Cir. 1999)" and *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987). The undersigned was not able to locate the "*Miller*" case; although there is a case captioned *Miller v. United Airlines, Inc.*, that case did not address the Warsaw Convention, the Bankruptcy Code, or any limitations period. 174 Cal. App. 3d 878 (1985). While the *In re Air Crash Disaster* case does exist, it also did not address the Bankruptcy Code or any limitations period.

Further, both "*Varghese*" quotations purport to cite to *Kaiser Steel Corp. v. W.S. Ranch Co.*, 391 U.S. 593, 598 (1968) for the proposition that "[t]he tolling effect of the automatic stay on

a statute of limitations is generally a matter of federal law." Putting aside that there is no page 598 in *Kaiser Steel*, that case concerned the stay of a federal action until a related state court case was decided, and made no mention of a statute of limitations or its tolling.

Notwithstanding Plaintiff's attempt to argue otherwise, courts have made clear that local tolling rules do not apply to actions governed by the Montreal Convention. Because Plaintiff filed the present action more than two years after the date of his arrival at his destination, this action must be dismissed as untimely.

**II.      The statute of limitations set forth in C.P.L.R. § 214(5) does not apply to Plaintiff's claims because the Montreal Convention exclusively governs this action.**

As discussed in Avianca's original moving papers, the Montreal Convention exclusively governs claims arising from personal injury sustained during international transportation.  *See* Montreal Convention, arts. 17, 29; *see also King v. American Airlines*, 284 F.3d 353, 356-57 (2d Cir. 2022) (citing *El Al Israel Airlines, Ltd. v. Tseng*, 525 U.S. 155, 156 (1999)).  Accordingly, an action governed by the Montreal Convention must be brought within the two-year limitations period as required by Article 35 of the Montreal Convention.  *See Fishman*, 132 F.3d at 143-45; *Mateo*, 847 F. Supp. 2d at 387-88; *von Schoenebeck v. Koninklijke Luchtvaart Maatschappij N.V.*, 659 F. App'x 392, 393 (9th Cir. 2016).

There is no dispute that the Plaintiff was travelling as a passenger on an international flight when he allegedly sustained injury after a metal serving cart struck his left knee.  Thus, the Montreal Convention governs the rights and liabilities of the parties and, therefore, preempts state law.

Plaintiff asserts that New York courts have concurrent jurisdiction over actions governed by the Montreal Convention.[1] Even if that is true, a state court that adjudicates a claim arising under federal law must apply the statute of limitations contained in that federal law. *See Felder v. Casey*, 487 U.S. 131, 153-54 (1988) (White, J. concurring) ("'[I]f [a federal claim] be available in a state court to found a right, and the record shows a lapse of time after which the [A]ct says that no action shall be maintained, the action must fail in the courts of a State as in those of the United States.'" (quoting *Atlantic Coast Line R. Co. v. Burnette*, 239 U.S. 199, 201 (1915))); *see also Podraza v. Carriero*, 212 A.D.2d 331, 335 (4th Dep't 1995) ("The accrual of a cause of action based on a Federal Statute is governed by Federal law."); *O'Hara v. Bayliner*, 89 N.Y.2d 636, 645 (1997) (refusing to apply New York's Statute of Limitation and its tolling provisions to a federal maritime case because doing so would be outcome-determinative and contradict Congressional intention of a uniform standard). Accordingly, whether a New York court could adjudicate this federal question has no bearing on whether this Court could apply a statute of limitations contained in the New York Civil Practice Laws and Rules.

In any case, although the New York federal courts typically adjudicate claims arising under the Montreal Convention, state courts adjudicating claims arising under the Warsaw or Montreal Convention consistently apply the limitations periods set forth therein. *See, e.g.*, *Kahn v. Trans.*

---

[1] Plaintiffs cites the following cases in support of these arguments: (1) "*Shaboon v. Egyptair*, 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013)"; (2) "*Peterson v. Iran Air*, 905 F. Supp. 2d 121 (D.D.C. 2012)"; (3) "*Martinez v. Delta Airlines, Inc.*, 2019 WL 4639462 (Tex. App. Sept. 25, 2019)"; and (4) "*Estate of Durden v. KLM Royal Dutch Airlines*, 2017 WL 2418825 (Ga. Ct. App. June 5, 2017)". The undersigned could not find these cases. Plaintiff also cites to "*Ehrlich v. American Airlines, Inc.*, 360 N.J. Super. 360 (App. Div. 2003)." The undersigned could not locate this case, but notes that there is a Second Circuit case captioned *Ehrlich v. American Airlines, Inc.* regarding the ability of a passenger to recover psychological damages following an incident in international transportation. 360 F.3d 366 (2d Cir. 2004).

*World Airlines, Inc.,* 82 A.D.2d 696, 705-06 (N.Y. 1981) (applying the two-year limitations period to an action governed by the Warsaw Convention and refusing to apply New York law governing tolling because "article 29 was intended to be in the nature of a condition precedent to suit"); *Astudillo v. Port Auth. of New York & New Jersey*, 7 Misc. 3d 1004(A), *4 (Sup. Ct. 2004) (same). Similarly, federal courts refuse to apply state law-based statutes of limitation to actions governed by the Montreal Convention. *See, e.g.*, *LAM Wholesale*, 2019 WL 1439098, at *2.

The Montreal Convention preempts all claims that arise within the scope of the Convention, regardless of whether such claims sound in tort or contract, and, as a treaty, the Convention supersedes state law and policy. Because Plaintiff's claims are squarely within the scope of the Montreal Convention, Plaintiff was required to commence this action within two years of his arrival. He did not do so, and so his claims should be dismissed.

## Conclusion

Based on the foregoing, Defendant Avianca, Inc., respectfully requests that the Court grant summary judgment in its favor and dismiss Plaintiff's Complaint in its entirety, together with such other and further relief as this Court deems appropriate under the circumstances.

Dated: New York, New York
       March 15, 2023

CONDON & FORSYTH LLP

By: *[signature]*
Bartholomew J. Banino (BB 4164)
bbanino@condonlaw.com
Marissa N. Lefland (ML 8217)
mlefland@condonlaw.com

*Attorneys for Defendant Avianca, Inc*