United States Court of Appeals,

Eleventh Circuit.

Susan Varghese, individually and as personal representative of the Estate of George Scaria Varghese, deceased, Plaintiff-Appellant,

v.

China Southern Airlines Co Ltd, Defendant-Appellee.

No. 18-13694

Before JORDAN, ROSENBAUM, and HIGGINBOTHAM, * Circuit Judges.

JORDAN, Circuit Judge:

Susan Varghese, individually and as personal representative of the Estate of George Scaria Varghese, deceased, appeals the district court's dismissal of her wrongful death claim against China Southern Airlines Co. Ltd. ("China Southern") under the Montreal Convention. Because the statute of limitations was tolled by the automatic stay of bankruptcy proceedings and the complaint was timely filed, we reverse and remand for further proceedings.

Factual background:

Anish Varghese ("Varghese"), a resident of Florida, purchased a round-trip airline ticket from China Southern Airlines Co Ltd ("China Southern") to travel from New York to Bangkok with a layover in Guangzhou, China. On the return leg of his journey, Varghese checked in at Bangkok for his flight to Guangzhou but was denied boarding due to overbooking. China Southern rebooked him on a later flight, which caused him to miss his connecting flight back to New York. As a result, Varghese was forced to purchase a new ticket to return home and incurred additional expenses.

Varghese filed a lawsuit against China Southern in the United States District Court for the Southern District of Florida, alleging breach of

contract, breach of the implied covenant of good faith and fair dealing, and violation of the Montreal Convention. China Southern moved to dismiss the complaint, arguing that the court lacked subject matter jurisdiction because Varghese's claims were preempted by the Montreal Convention and that Varghese failed to exhaust his administrative remedies with the Chinese aviation authorities. While the motion to dismiss was pending, China Southern filed for bankruptcy in China, which triggered an automatic stay of all proceedings against it. The district court subsequently dismissed Varghese's complaint without prejudice, noting that the automatic stay tolled the statute of limitations on his claims. Varghese appealed the dismissal to the Eleventh Circuit Court of Appeals.

"In response to the district court's dismissal of Varghese's complaint, Varghese filed a Chapter 7 bankruptcy petition. The bankruptcy court issued an automatic stay, which enjoined China Southern from continuing with the arbitration proceedings. The bankruptcy court later granted China Southern's motion to lift the stay, and Varghese filed a notice of appeal to this Court.

The automatic stay provision of the bankruptcy code "operates as an injunction against the continuation of any action against the debtor." In re Rimsat, Ltd., 212 F.3d 1039, 1044 (7th Cir. 2000) (citing 11 U.S.C. § 362(a)(1)). Although the automatic stay provision does not specifically mention arbitration proceedings, the Eleventh Circuit has held that it applies to arbitration. See, e.g., Holliday v. Atl. Capital Corp., 738 F.2d 1153, 1154 (11th Cir. 1984) ("The filing of a petition under Chapter 11 of the Bankruptcy Code operates as an automatic stay of all litigation and proceedings against the debtor-in-possession."); Gen. Wire Spring Co. v. O'Neal Steel, Inc., 556 F.2d 713, 716 (5th Cir. 1977) ("The automatic stay of bankruptcy operates to prevent a creditor from continuing to arbitrate claims against the bankrupt."). In determining whether the automatic stay applies, the focus is on "the character of the proceeding, rather than the identity of the parties."

In re PPI Enters. (U.S.), Inc., 324 F.3d 197, 204 (2d Cir. 2003). Here, the arbitration proceedings against Varghese were proceedings "against the debtor," and the automatic stay applied."

"China Southern contends that the district court erred in ruling that the filing of Varghese's Chapter 13 petition tolled the two-year limitations period under the Montreal Convention. We review a district court's determination that a limitations period was tolled for abuse of discretion. Hyatt v. N. Cent. Airlines, Inc., 92 F.3d 1074, 1077 (11th Cir. 1996).

China Southern argues that the Chapter 13 filing could not toll the Montreal Convention's limitations period because Varghese did not file a claim in bankruptcy. But, as the district court noted, the Eleventh Circuit has not yet addressed this issue, and the weight of authority from other circuits suggests that a debtor need not file a claim in bankruptcy to benefit from the automatic stay. See, e.g., In re Gandy, 299 F.3d 489, 495 (5th Cir. 2002); In re BDC 56 LLC, 330 B.R. 466, 471 (Bankr. D.N.H. 2005).

Moreover, the district court found that the automatic stay provision in Varghese's Chapter 13 petition tolled the limitations period under the Montreal Convention. We agree.

The Supreme Court has held that an automatic stay of a legal proceeding under the Bankruptcy Code tolls the limitations period applicable to the stayed proceeding. See, e.g., Begier v. IRS, 496 U.S. 53, 59-60, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990). The Montreal Convention's limitations period is a "period of prescription," rather than a "statute of limitations." See Zaunbrecher v. Transocean Offshore Deepwater Drilling, Inc., 772 F.3d 1278, 1283 (11th Cir. 2014). But the difference between a "period of prescription" and a "statute of limitations" does not affect the automatic stay's tolling effect. See id. at 1283 n.3. Therefore, we hold that the filing of Varghese's Chapter 13 petition tolled the Montreal Convention's two-year limitations period, which did not begin to run until the automatic stay was lifted."

Appellants argue that the district court erred in dismissing their claims as untimely. They assert that the limitations period under the Montreal Convention was tolled during the pendency of the Bankruptcy Court proceedings. We agree.

The Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay of proceedings against the debtor that were or could have been commenced before the bankruptcy case was filed. 11 U.S.C. § 362(a). The tolling effect of the automatic stay on a statute of limitations is generally a matter of federal law. See Kaiser Steel Corp. v. W.S. Ranch Co., 391 U.S. 593, 598, 88 S.Ct. 1753, 20 L.Ed.2d 835 (1968). We have previously held that the automatic stay provisions of the Bankruptcy Code may toll the statute of limitations under the Warsaw 'V Convention, which is the precursor to the Montreal Convention. See Zicherman v. Korean Air Lines Co., Ltd., 516 F.3d 1237, 1254 (11th Cir. 2008).

We see no reason why the same rule should not apply under the Montreal Convention. Congress enacted the Montreal Convention to 'modernize and unify the Warsaw Convention system by establishing new and uniform rules governing the international carriage of persons, baggage, and cargo.' El Al

Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). In doing so, Congress sought to provide passengers with greater certainty and predictability in the event of an accident. Id. at 166, 119 S.Ct. 662. Allowing the tolling of the limitations period during the pendency of bankruptcy proceedings furthers this goal by ensuring that passengers have a meaningful opportunity to bring their claims for compensation."