Shaboon v. EgyptAir 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013):

OPINION UNCHANGED

¶1 Plaintiff, Nazir Shaboon, filed this action in the circuit court of Cook County alleging that defendant, EgyptAir, a foreign corporation, wrongfully denied him the use of an exit row seat on one of its flights. The circuit court granted defendant's motion to dismiss for lack of subject matter jurisdiction, finding that the complaint failed to state a claim under the Montreal Convention (Convention), and that defendant was entitled to sovereign immunity. On appeal, plaintiff contends that the circuit court erred in dismissing the complaint for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

BACKGROUND

Plaintiff is a citizen of the United States and a resident of Illinois. Defendant is a foreign corporation organized under the laws of Egypt, with its principal place of business in Cairo. Defendant operates flights to and from Chicago O'Hare International Airport. On or about November 11, 2008, plaintiff purchased a ticket for a flight from Cairo, Egypt, to Chicago O'Hare International Airport, with a stopover in Amsterdam, Netherlands. Plaintiff's flight was governed by the Convention, which provides an exclusive remedy for claims arising from international air transportation. Plaintiff was initially assigned a seat in the middle section of the aircraft. After boarding the aircraft, plaintiff requested an exit row seat, but defendant refused his request, citing safety concerns. Plaintiff remained in his assigned seat for the duration of the flight.

Plaintiff filed a complaint in the circuit court of Cook County alleging that defendant's refusal to allow him to occupy an exit row seat violated its contract of carriage, and was a breach of the duty of good faith and fair dealing.

The complaint also alleged that defendant's actions constituted false advertising, and violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 et seq. (West 2010)), and the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 et seq. (West 2010)).

Defendant moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that plaintiff's claim was preempted by the Convention, and that defendant was entitled to sovereign immunity. The circuit court granted the motion to dismiss, finding that plaintiff's complaint failed to state a claim under the Convention, and that defendant was entitled to sovereign immunity.

ANALYSIS

On appeal, plaintiff contends that the circuit court erred in dismissing the complaint for lack of subject matter jurisdiction. Specifically, plaintiff argues that the Convention does not preempt his state law claims, and that defendant is not entitled to sovereign immunity.

We review de novo a circuit court's dismissal of a complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2010)). Mitchell v. United Airlines, Inc., 2011 IL App (1st) 102964, -r 7. A section 2-619 motion to dismiss admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats the plaintiff's claim. Id. If the defendant's motion is supported by affidavits, the plaintiff's complaint must be construed strictly against him or her. Id.

As we noted above, the trial court granted defendant's motion for summary judgment because plaintiff failed to file a timely notice of claim as required by the Montreal Convention. Plaintiff argues on appeal that the Montreal Convention's notice provision is inapplicable because his claims are also actionable under the Warsaw Convention, which does not require a notice of claim. Plaintiff maintains that because the Warsaw Convention provides an alternate basis for recovery and governs the same subject matter as the Montreal Convention, the Warsaw Convention's notice provision preempts the Montreal Convention's notice provision. We disagree.

The Warsaw Convention was an international treaty that established a regime for liability arising from international air travel. Ehrlich v. Am. Airlines, Inc., 360 F.3d 366, 371 (2d Cir. 2004). The Montreal Convention, which became effective in 2003, was enacted as a new international treaty that was designed to modernize and replace the Warsaw Convention. Id. at 372. The Montreal Convention provides that its provisions govern in situations where a claim arises out of "international carriage" as defined by the convention. Montreal Convention, art. 1(1). The convention applies to all international transportation of persons, baggage, or cargo, which includes any transportation where the place of departure and the place of destination are located in different countries, with some exceptions not relevant here. Montreal Convention, arts. 1(2), 3(1). The Montreal Convention applies to plaintiff's claim because his injury occurred during an international flight, and EgyptAir was the carrier transporting him to a different country.

The Warsaw Convention, on the other hand, does not govern plaintiff's claims because it is not applicable to EgyptAir's transportation of plaintiff. EgyptAir, as a carrier, was bound by the Montreal Convention because it was the treaty in effect during the time of plaintiff's travel. See Ehrlich, 360 F.3d at 372. Therefore, plaintiff's argument that the Warsaw Convention applies and preempts the Montreal Convention's notice provision is without merit.

Moreover, plaintiff's argument that the Montreal Convention's notice provision should be deemed inapplicable because the Warsaw Convention also provides a cause of action is unavailing. We agree with the Second Circuit's reasoning in Ehrlich that the Montreal Convention's notice provision was enacted to

promote certainty and to ensure that carriers receive prompt notification of injuries so they can promptly investigate and settle claims.

Although plaintiff contends that the Warsaw Convention should be interpreted to preempt the Montreal Convention's notice provision because the Montreal Convention was intended to be a replacement for the Warsaw Convention, plaintiff has failed to provide any legal authority for his argument, and we find his position to be without merit.

Plaintiff also argues that the trial court erred in granting summary judgment because the evidence he presented created a genuine issue of material fact as to whether EgyptAir received actual notice of his claims. We disagree. The Montreal Convention's notice provision requires that a notice of claim be made to the carrier within a prescribed period of time. Montreal Convention, art. 31(2). The purpose of the notice requirement is to enable the carrier to investigate the claim and settle it with the claimant without resorting to litigation. Benjamins v. British European Airways, 572 F.2d 913, 919 (2d Cir. 1978). Failure to provide timely notice deprives the carrier of the opportunity to investigate and defend itself properly against the claim. See United States ex rel. Stevens v. Trans World Airlines, Inc., 864 F.2.

Defendant's reliance on the Montreal Convention and Warsaw Convention as preempting plaintiffs' state-law negligence claims is misplaced. Plaintiffs' state-law negligence claims do not conflict with the Warsaw Convention or the Montreal Convention. The Warsaw Convention was amended by the Montreal Convention and both treaties apply to "international transportation" as defined by Article 1(2) of the Montreal Convention. In addition to preempting state law, the Montreal Convention creates a cause of action in federal court for "bodily injury" or "death" of a passenger during "international transportation" as defined

by Article 1(2). The Montreal Convention does not, however, preclude plaintiffs from bringing a state-law claim that does not conflict with the convention. To the extent that the Montreal Convention preempts state law, plaintiffs' claims fall within the savings clause set forth in Article 29 of the convention, which provides that the convention does not limit the right of the plaintiff to recover damages under state law, provided the damages sought are not recoverable under the convention. Because plaintiffs' state-law negligence claims are not preempted by the Montreal Convention or the Warsaw Convention, we find that the trial court erred in dismissing the complaint." 29 of the convention, which provides that the convention does not limit the right of the plaintiff to recover damages under state law, provided the damages sought are not recoverable under the convention. Because plaintiffs' state-law negligence claims are not preempted by the Montreal Convention or the Warsaw Convention, we find that the trial court erred in dismissing the complaint."