UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KAREN PETERSEN, Plaintiff,

V.

IRAN AIR, Defendant.

Civil Action No. 10-0542 (RBW)

905 F. Supp. 2d 121; 2012 U.S. Dist. LEXIS 17409 March 8, 2012, Decided

COUNSEL: [*1] For KAREN PETERSEN, Plaintiff: Paul J. Slater, Jr., LEAD ATTORNEY, SLATER & ASSOCIATES, Washington, DC.

For IRAN AIR, Defendant: Neil H. Jaffee, LEAD ATTORNEY, MALLOY & MALLOY, P.L., Miami, FL.

JUDGES: REGGIE B. WALTON, United States District Judge.
OPINION BY: REGGIE B. WALTON
OPINION
MEMORANDUM OPINION
Karen Petersen ("plaintiff" or "Petersen") filed this lawsuit against Iran Air ("defendant" or "Iran Air") alleging personal injuries she sustained while a passenger on one of its airplanes. Iran Air has filed a motion to dismiss the complaint pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. Upon careful consideration of the parties'

submissions, the Court concludes that it lacks jurisdiction over Iran Air under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330 et seq., and therefore grants Iran Air's motion to dismiss for lack of subject matter jurisdiction.

"The Convention provides that jurisdiction may be established in the courts of the country where the plaintiff has its domicile. Montreal Convention, art. 33(1). In addition, the plaintiff can bring an action in the courts where the carrier is domiciled or has its principal place of business, where the contract of carriage was made, or where the final destination is located. Id. art. 33(2)-(5). Iran Air does not contest the jurisdiction of this Court, which is located where Petersen has its domicile, to hear this case. Therefore, Petersen's argument that the state courts of Washington have concurrent jurisdiction is unavailing." "The Montreal Convention provides that a plaintiff may bring a claim against an airline in the courts of the country where the airline is domiciled, the airline's principal place of business, the place where the airline has a place of business through which the contract was made, or the place of destination. Montreal Convention art. 33. Here, Defendant is domiciled in Iran, and therefore Plaintiff may bring his claim in Iranian courts. However, Plaintiff has also sued Defendant in the United States pursuant to the FSIA."

"The Montreal Convention provides that an action for damages can be brought in the courts of the state where the carrier is domiciled, the courts where the carrier has its principal place of business, the courts of the departure airport, or the courts of the destination airport. See Montreal Convention, Art. 33. In addition, the Convention provides that these forums have concurrent jurisdiction with any other court that may have jurisdiction under applicable law. See id. Therefore, the Court has concurrent jurisdiction with any other court that may have jurisdiction under applicable law, including any foreign court." (Petersen v. Iran Air, 905 F. Supp. 2d 121, 126 (D.D.C. 2012))

"Accordingly, the Court concludes that it has subject matter jurisdiction over this action pursuant to Article 33(1) of the Montreal Convention. Plaintiff, as the plaintiff and the sole passenger aboard the Flight, has established that the Court has personal jurisdiction over Defendant. As for venue, the District of Columbia is a proper venue under 28 U.S.C. § 1391(b)(2) and § 1391(c)(2) because a substantial part of the events giving rise to this action occurred in this district. Therefore, Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and personal jurisdiction and for improper venue is denied."