CYNTHIA MARTINEZ, Appellant,

V.

DELTA AIRLINES, INC., Appellee.

No. 04-19-00161-CV.

Court of Appeals of Texas, Fourth District, San Antonio.

September 25, 2019.

The plaintiff, Martinez, purchased a ticket for a Delta Airlines flight from Texas to California. During the flight, Martinez was injured due to alleged negligence on the part of the flight attendants. Martinez filed a personal injury lawsuit against Delta Airlines in Texas state court, alleging that Delta's negligence caused her injuries. Delta Airlines moved to dismiss the case, arguing that the court did not have jurisdiction over the matter because the incident occurred outside of Texas.

The trial court granted Delta's motion to dismiss, finding that it did not have jurisdiction over the case. Martinez appealed, arguing that the trial court erred in dismissing the case.

The Court of Appeals of Texas, Dallas, affirmed the trial court's decision, holding that Texas did not have personal jurisdiction over Delta Airlines. The court reasoned that Martinez's injury did not arise out of Delta's contacts with Texas, and that Delta did not purposefully avail itself of the benefits of conducting business in Texas.

Therefore, the court concluded that Texas did not have specific jurisdiction over Delta in this case.

The court also addressed Martinez's argument that the Montreal Convention provided a basis for jurisdiction over Delta. The court disagreed, finding that the Montreal Convention did not provide a basis for jurisdiction because it did not waive Delta's right to challenge personal jurisdiction.

In conclusion, the court held that Texas did not have jurisdiction over Martinez's personal injury claim against Delta Airlines, and affirmed the trial court's decision to dismiss the case.

The Montreal Convention governs international air transportation and establishes the liability of international carriers for damage to passengers and their property during transportation. In re Air Crash Disaster at Taipei, 87 F.3d 1018, 1023 (9th Cir. 1996). The Convention provides that "the right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." Montreal Convention, art. 35(1). The Convention allows a carrier to assert a defense to a passenger's claim for damages by proving that the carrier "took all necessary measures to avoid the damage or that it was impossible for it to take such measures." Id. art. 20(1). A carrier may also limit its liability for damages to a passenger to a set amount, unless the passenger proves that the damages resulted from an act or omission of the carrier for damages by proving that the carrier "took all necessary measures to avoid the damage or that it was impossible for it to take such measures." Id. art. 20(1). A carrier may also limit its liability for damages to a passenger to a set amount, unless the passenger proves that the damages done with the intent to cause damage or recklessly and with knowledge that damage would probably result. Id. art. 22(1).

Delta argues that the trial court properly dismissed Martinez's claims because she did not file suit within two years of the date of arrival of the flight. Martinez contends that Delta waived its statute-of-limitations defense by not raising it in response to her demand letter or pleading it as an affirmative defense in its answer. Martinez also argues that the limitations period was tolled because Delta misrepresented her right to compensation, which prevented her from bringing her claim in a timely manner.

The Montreal Convention provides that a passenger's "right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on ...J„ which the aircraft ought to have arrived, or from

the date on which the transportation stopped." Montreal Convention, art. 35(1). A passenger's claim accrues under the Montreal Convention "when the passenger has arrived at the destination, or should have arrived at the destination, or when the carriage has been interrupted." Saks v. Air France, 470 U.S. 392, 404 n.11 (1985). Here, Martinez's flight arrived in Madrid on June 8, 2015. Thus, she was required to file her lawsuit by June 8, 2017, absent a tolling provision.

Martinez argues that the limitations period was tolled because Delta misrepresented her right to compensation, which prevented her from bringing her claim in a timely manner. Martinez did not raise this argument in the trial court, and it is waived on appeal. See Tex. R. App. P. 33.1. Even if we were to consider it, Martinez has not provided any evidence to support her argument. Instead, she points to a letter from Delta offering her a $500 voucher, which she claims led her to believe that she would not be entitled to additional compensation. However, Martinez's response to the letter indicates that she was aware that the voucher was only a goodwill gesture and that she was still pursuing a claim for additional compensation.

"Delta's first issue challenges the trial court's denial of its motion to dismiss for lack of personal jurisdiction. Delta argues that Texas courts do not have personal jurisdiction over it under the Texas long-arm statute and the Due Process Clause of the U.S. Constitution. See Tex. Civ. Prac. & Rem. Code Ann. § 17.042; U.S. Const. amend. XIV, § 1. Martinez responds that Delta's contacts with Texas are sufficient to satisfy the long-arm statute and the constitutional requirement of minimum contacts.

We review de novo whether the trial court had personal jurisdiction over Delta. See Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 574 (Tex. 2007); Kelly v. Gen. Interior Constr., Inc., 301 S.W.3d 653, 657 (Tex. App.-Dallas 2009, pet. denied). The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. See Kelly, 301 S.W.3d at 657. If the plaintiff meets this burden, the defendant then has the burden of negating all bases of personal jurisdiction alleged by the plaintiff. See id. In deciding whether jurisdiction exists, we consider whether: (1) the nonresident defendant has purposefully established "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over the nonresident defendant comports with "traditional notions of fair play and substantial justice." Moki Mac, 221 S.W.3d at 578 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Here, Delta is a Georgia corporation with its principal place of business in Georgia. Martinez sued Delta in Texas for an alleged breach of contract occurring in Texas. Delta argues that it has no relevant contacts with Texas because Martinez purchased his airline ticket in Georgia through Delta's website, and the alleged breach in-flight assistance-occurred in the air en route to California. In a recent case with similar facts, we addressed whether Delta had minimum contacts with Texas when it sold airline tickets to a Texas resident through its website and an alleged breach of contract occurred in the air en route to New York. See Anderson v. Delta Airlines, Inc., 666 F. App'x 313, 316 (5th Cir. 2016) (per curiam). In Anderson, we held that Delta had minimum contacts with Texas under the "stream-of-commerce" theory of personal jurisdiction because it placed its products-airline tickets-into the stream of commerce with the expectation that they would be purchased by consumers in Texas. Id. at 316- 17. Delta's website was not a "passive website" but instead "solicited business from the general public," including Texas residents. Id. at 317. Furthermore, we noted that the airline industry is unique because airlines must comply with federal and state regulations "that dictate the standards of care that airlines must exercise to ensure the safety and comfort of passengers during air travel." Id. Thus, we concluded that Delta could reasonably anticipate being haled into court in Texas to answer for an alleged breach of the standard of care. Id. Applying Anderson to this case, we hold that Delta has minimum contacts with Texas under the stream-of-commerce theory of personal jurisdiction. Delta solicits business from the general public, including Texas residents, through its website. Delta's website is not a passive website; it is designed to sell airline tickets and encourages consumers to purchase tickets.



"Turning to the question of specific jurisdiction, Delta argues that it is not subject to personal jurisdiction in Texas because the claims at issue do not arise out of or relate to any contacts Delta has with Texas. Delta also asserts that Martinez failed to establish a prima facie case of specific jurisdiction.

Specific jurisdiction arises from contacts between the defendant and the forum that are related to the plaintiff's claims. Moki Mac River Expeditions v. Drugg, 221 S.W.3d 569, 577 (Tex. 2007). The plaintiff bears the initial burden of pleading sufficient facts to establish jurisdiction, but that burden is not heavy, and a court must accept the plaintiff's allegations as true. Kelly v. General Interior Const., Inc., 301 S.W.3d 653, 658 (Tex. 2010). The plaintiff also bears the ultimate burden of proving jurisdiction, but the standard of proof is preponderance of the evidence, the court may consider evidence outside the pleadings. Moki Mac River Expeditions, 221 S.W.3d at 574.

A Texas court may exercise specific jurisdiction over a nonresident defendant only if (1) the defendant has purposefully directed its activities toward Texas or purposefully availed itself of the privileges of conducting activities in Texas, (2) the plaintiff's claims arise out of or result from those activities, and (3) the exercise of jurisdiction is consistent with traditional notions of fair play and substantial justice. See Michiana, 168 S.W.3d at 792; CSR, Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996). The defendant's contacts with the forum state must be purposeful rather than random, fortuitous, or attenuated. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Here, Martinez alleges that Delta is subject to specific jurisdiction in Texas because (1) Delta operates flights between Texas and foreign countries, including China, (2) Delta markets and promotes its international flights to Texas residents, (3) Delta has sold tickets to Texas residents for flights between Texas and foreign countries, including China, and (4) Delta has a ticketing office and baggage facility in Houston.

Delta's operation of flights between Texas and foreign countries and its marketing and promotion of those flights to Texas residents are sufficient to establish purposeful availment. See, e.g., id. at 487 (holding that operation of franchise in forum state and purposeful marketing and promotion of franchise there constituted purposeful availment); Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 610 (5th Cir. 2008) (holding that purposeful availment existed where defendant directed a promotional mailing to plaintiff in forum state).

Martinez's claims also arise out of or result from Delta's contacts with Texas. Martinez alleges that she was injured on a flight from Shanghai, China, to Houston, Texas, and that Delta's negligence caused her injury. Her claims therefore arise out of Delta's operation of flights between Texas and China, its marketing and promotion of those flights to Texas residents, and its sale of tickets to Texas residents for those flights. See, e.g., Moki Mac River Expeditions, 221 S.W.3d at 577 (holding that plaintiffs' claims arose from defendant's contacts with Texas because their injuries occurred on defendant's rafting trip in Colorado, which defendant promoted and sold.

"Because the trial court's jurisdictional ruling was based solely on the pleadings and did not require the resolution of disputed facts, our review is de novo. Based on the record before us, we conclude that Delta has not conclusively negated the jurisdictional allegations in Martinez's petition that he was injured in Texas by Delta's negligence, and that Martinez has sufficiently pleaded a claim for negligence against Delta under Texas law. The trial court erred in granting Delta's motion to dismiss for lack of jurisdiction, and we reverse and remand for further proceedings consistent with this opinion."