Citation: Estate of Durden v. KLM Royal Dutch Airlines, 2017 WL 2418825 (Ga. Ct. App. June 5, 2017)

Court: Court of Appeals of Georgia

Judge: Barnes, Presiding Judge

Attorneys: Timothy R. Kenna and Robert C. Port, for Appellants. Ellis B. Feiman and Ryan A. Brown, for Appellees.

Opinion by: Barnes, Presiding Judge

Opinion:

BARNES, Presiding Judge.

In this wrongful death action, the Estate of Vernon Dale Durden appeals from the trial court's order dismissing its claims against KLM Royal Dutch Airlines ("KLM"), for lack of personal jurisdiction, and dismissing its claims against the City of Atlanta, for failure to state a claim. We affirm as to the claims against KLM, and reverse as to the claims against the City of Atlanta.

The record shows that on May 1, 2013, Vernon Dale Durden, a Georgia resident, was killed in an accident at Hartsfield-Jackson Atlanta International Airport ("the Airport") when he was struck by a tow bar that had detached from a baggage tug owned and loss of consortium claims. KLM filed a motion to dismiss for lack of personal jurisdiction, which the trial court granted. The City of Atlanta also filed a motion to dismiss, which the trial court granted.

We first address the dismissal of the claims against KLM. In order for Georgia courts to exercise personal jurisdiction over a nonresident defendant, three requirements must be met: (1) the nonresident defendant must purposefully avail himself of the privilege of conducting activities within Georgia; (2) the plaintiff's claims must arise out of or be related to those activities; and (3) the exercise of jurisdiction must not offend traditional notions of fair play and substantial justice. See O.C.G.A. § 9-10-91(a); Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 S.E.2d 18, 21(1) (Ga. Ct. App. 2003). When, as here, the trial court ruled on the motion to dismiss without conducting an evidentiary hearing, we conduct a de novo review of the record to determine whether the evidence supports the court's exercise of jurisdiction over the defendant. See Howard v. Jack Anthony Realty Co., 459 S.E.2d 715, 716 (Ga. 1995).

(a) Purposeful Availment. KLM argues that it is not subject to personal jurisdiction in Georgia because it does not have a "presence" in Georgia and has not purposefully availed itself of doing business in Georgia. We disagree.

Under Georgia's long-arm statute, a nonresident defendant is subject to the jurisdiction of Georgia courts when he or she "transacts any business within this state," "commits a tortious act or omission within this state," or "commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."

"KLM further argues that the trial court erred in denying its motion to dismiss for lack of personal jurisdiction. However, the record shows that KLM registered to do business in Georgia in 1976 and continuously maintained a registered agent in Georgia. Moreover, the record shows that KLM leased a gate and space at Hartsfield-Jackson International Airport in Atlanta, Georgia, from which it operated international flights into and out of Georgia. Thus, KLM was subject to the jurisdiction of the Georgia courts pursuant to OCGA § 9-10-91 (a) (1) (C), which provides that a court of this state may exercise personal jurisdiction over any nonresident as to a cause of action arising from any business done in this state by the nonresident." (Estate of Durden v.KLM Royal Dutch Airlines, 2017 WL 2418825, at *3)

Next, we turn to KLM's argument that the trial court erred in denying its motion to dismiss based on the Montreal Convention. The Montreal Convention, which governs international air transportation, was ratified by the United States in 2003 and is now codified in the United States as the Foreign Sovereign Immunities Act of 1976. The Convention requires an action against an air carrier be brought only in the courts of a country with which the carrier has a "real and substantial connection." Montreal Convention, art. 33(1), reprinted in 49 U.S.C. §40105 note. KLM argues that because it does not have a "real and substantial connection" to Georgia, the trial court erred in denying its motion to dismiss.

We disagree. As we previously noted, the record shows that KLM appointed a registered agent to accept service of process in Georgia. KLM has not argued that this agent is anything other than its agent for service of process. Indeed, KLM acknowledged the agent's authority to accept service of process when it

filed its motion to dismiss in the trial court. KLM's appointment of a registered agent in Georgia constitutes a "real and substantial connection" to Georgia and the trial court properly denied KLM's motion to dismiss on this basis."