UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Argued: May 27, 1999
Decided: September 8, 1999

Docket No. 98-7926

JILLIAN MILLER, Plaintiff-Appellant,

v.

UNITED AIRLINES, INC., Defendant-Appellee.

Before: McLAUGHLIN, JACOBS, and PARKER, Circuit Judges.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, Judge), granting defendant's motion to dismiss plaintiff's Warsaw Convention claim as time-barred. We hold that the filing of a petition in bankruptcy by a defendant air carrier tolls the statute of limitations for a plaintiff's Warsaw Convention claim. Although the Warsaw Convention does not contain a tolling provision, we find that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, applies to toll the limitations period for Warsaw Convention claims against a debtor who has filed for bankruptcy.

vacated and remanded.

Richard G. Liskov, Jacob D. Fuchsberg Law Firm, New York, New York (Michael S. Adler, of counsel), for Plaintiff-Appellant.

Joseph v. Del Raso, Curtis, Mallet-Prevost, Colt & Mosle LLP, New York, New York (Alberto R. Gonzales, John R. Hubbard, of counsel), for Defendant-Appellee.

PARKER, Circuit Judge:

Plaintiff-Appellant Jillian Miller appeals from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, Judge), granting Defendant-Appellee United Airlines, Inc.'s ("United Airlines") motion to dismiss Miller's Warsaw Convention claim as time-barred. Miller's husband, Darryl, was killed in a plane crash on March 3, 1991, while he was a passenger on United Airlines Flight 585, which crashed in Colorado Springs, Colorado. Miller commenced this action on January 29, 1997, seeking damages for her husband's death under the Warsaw Convention, 49 U.S.C. § 40105 note, which was incorporated into the Federal Aviation Act, 49 U.S.C. § 1301 et seq.

United Airlines moved to dismiss the action, arguing that Miller's Warsaw Convention claim was time-barred because it was not commenced within two years of the crash, as required by Article 29 of the Convention. Miller countered that the statute of limitations had been tolled by United Airlines' filing of a petition for reorganization under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., on December 4, 1992. The district court granted United Airlines' motion to dismiss, concluding that the Warsaw Convention's two-year statute of limitations is not subject to tolling absent express statutory authority. Miller appeals from the district court's judgment. We hold that the filing of a petition in bankruptcy by a defendant air carrier tolls the statute of limitations for a plaintiff's Warsaw Convention claim. Although the Warsaw Convention does not contain a tolling provision, we find that the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, applies to toll the limitations period for Warsaw Convention claims against a debtor who has filed for bankruptcy.

Section 11 of the Bankruptcy Act of 1898