UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERTO MATA,

                      Plaintiff,                              22-cv-1461 (PKC)

    -against-                                 ORDER TO SHOW CAUSE

AVIANCA, INC.,

                      Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court is presented with an unprecedented circumstance. A submission filed by plaintiff's counsel in opposition to a motion to dismiss is replete with citations to non-existent cases. (ECF 21.) When the circumstance was called to the Court's attention by opposing counsel (ECF 24), the Court issued Orders requiring plaintiff's counsel to provide an affidavit annexing copies of certain judicial opinions of courts of record cited in his submission, and he has complied. (ECF 25, 27, 29.) Six of the submitted cases appear to be bogus judicial decisions with bogus quotes and bogus internal citations. Set forth below is an Order to show cause why plaintiff's counsel ought not be sanctioned.

        The Court begins with a more complete description of what is meant by a non-existent or bogus opinion. In support of his position that there was tolling of the statute of limitation under the Montreal Convention by reason of a bankruptcy stay, the plaintiff's submission leads off with a decision of the United States Court of Appeals for the Eleventh Circuit, <u>Varghese v China South Airlines Ltd</u>, 925 F.3d 1339 (11th Cir. 2019). (ECF 21.) Plaintiff's counsel, in response to the Court's Order, filed a copy of the decision, or at least an excerpt therefrom. (ECF 29-1.)

The Clerk of the United States Court of Appeals for the Eleventh Circuit, in response to this Court's inquiry, has confirmed that there has been no such case before the Eleventh Circuit with a party named Vargese or Varghese at any time since 2010, i.e., the commencement of that Court's present ECF system. He further states that the docket number appearing on the "opinion" furnished by plaintiff's counsel, Docket No. 18-13694, is for a case captioned George Cornea v. U.S. Attorney General, et al. Neither Westlaw nor Lexis has the case, and the case found at 925 F.3d 1339 is A.D. v Azar, 925 F.3d 1291 (D.C. Cir 2019).

The bogus "Varghese" decision contains internal citations and quotes, which, in turn, are non-existent:

- The furnished copy of the "Varghese" decision cites Zicherman v Korean Airlines Co., Ltd., 516 F.3d 1237 (11th Cir. 2008), which does not appear to exist. The case appearing at that citation is, indeed, an Eleventh Circuit case decided in 2008, but is titled Miccosukee Tribe v. United States, 516 F.3d 1235 (11th Cir. 2008).

- The furnished copy of the "Varghese" decision cites Holliday v. Atl. Capital Corp., 738 F.2d 1153 (11th Cir. 1984), which does not appear to exist. The case appearing at that citation is, indeed, an Eleventh Circuit case decided in 1984 but is titled Gibbs v. Maxwell House, 738 F.2d 1153 (11th Cir. 1984).

- The furnished copy of the "Varghese" decision cites Hyatt v. N. Cent. Airlines, 92 F.3d 1074 (11th Cir. 1996), which does not appear to exist. There are two brief orders appearing at 92 F.3d 1074 issued by the Eleventh Circuit in other cases.

- The furnished copy of the "Varghese" decision cites Zaunbrecher v. Transocean Offshore Deepwater Drilling, 772 F. 3d 1278 (11th Cir. 2014), which does not appear to exist. The case appearing at that citation is, indeed, an Eleventh Circuit case decided in 2014, but is titled Witt v. Metropolitan Life Ins. Co., 772 F. 3d 1269 (11th Cir. 2014).

The following five decisions submitted by plaintiff's counsel contain similar deficiencies and appear to be fake as well: Shaboon v. Egyptair, 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013); Petersen v. Iran Air, 905 F. Supp. 2d 121 (D.D.C. 2012); Martinez v. Delta

Airlines, Inc., 2019 WL 4639462 (Tex. Ct. App. Sept. 25, 2019); Estate of Durden v. KLM Royal Dutch Airlines, 2017 WL 2418825 (Ga. Ct. App. June 5, 2017); and Miller v. United Airlines, Inc., 174 F.3d 366 (2d Cir. 1999).[1]

Let Peter LoDuca, counsel for plaintiff, show cause in person at 12 noon on June 8, 2023 in Courtroom 11D, 500 Pearl Street, New York, NY, why he ought not be sanctioned pursuant to: (1) Rule 11(b)(2) & (c), Fed. R. Civ. P., (2) 28 U.S.C. § 1927, and (3) the inherent power of the Court, for (A) citing non-existent cases to the Court in his Affirmation in Opposition (ECF 21), and (B) submitting to the Court annexed to his Affidavit filed April 25, 2023 copies of non-existent judicial opinions (ECF 29).[2]  Mr. LoDuca shall also file a written response to this Order by May 26, 2023.  If Mr. LoDuca wishes to call live witnesses at the June 8, 2023 hearing, subject to cross-examination, he shall state so in his submission of May 26, identifying the name of the witness or witnesses.  Defendant may respond by June 2, 2023.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 4, 2023

---

[1] Mr. LoDuca acknowledges that he is unable to locate an additional decision, Zicherman v. Korean Air Lines Co., Ltd., 516 F.3d 1237 (11th Cir. 2008).  He states that the above-listed cases "may not be inclusive of the entire opinions but only what is made available by online database" and that the Shaboon opinion is unpublished.  (Apr. 25 LoDuca Aff. ¶¶ 4-5.)

[2] The April 25 affidavit was filed in response to the Orders of April 11 and 12, 2023, but is sworn to before a Notary Public on the 25th of January 2023.  Mr. LoDuca should be prepared to address this anomaly on June 8, 2023 and bring with him a wet-ink signed copy of the affidavit with the notary's signature and stamp.