UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO MATA,

               Plaintiff,

         v.

AVIANCA, INC.,

               Defendant.

Case No. 22-cv-1461 (PKC)

---

## DECLARATION OF PETER LODUCA IN RESPONSE TO THE COURT'S ORDER OF MAY 26, 2023

PETER LODUCA, declares, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9, under penalty of perjury, the following to be true and correct:

1. I submit this declaration in response to the Court's Order to Show Cause dated May 26, 2023 (Docket Entry No. 33) to address the issue of the erroneous date on the notarization block on the affidavit I filed on April 25, 2023 (Docket Entry No. 29, the "April 25th Affidavit"). This declaration supplements my prior affidavit, filed on May 25, 2023 (Docket Entry No. 32, the "May 25th Affidavit").

2. I am an attorney admitted to practice in the State of New York since 1985. I have never been disciplined or sanctioned by any court or tribunal.

3. As detailed further below, on April 25, 2023, I signed the original April 25th Affidavit in my colleague, Steven Schwartz's presence. Accordingly, while I sincerely apologize for the errors included in that affidavit, I respectfully submit that the notarization on the April 25th Affidavit was not fraudulent, and the error in the date printed on that affidavit was

entirely inadvertent and does not support a finding of sanctions under Fed. R. Civ. P. 11(b)(2) & (c), 28 U.S.C. § 1927, or the inherent power of the Court. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, AFL-CIO, 948 F.2d 1338, 1347 (2d Cir. 1991) ("Both § 1927 and the court's inherent power demand, *inter alia*, a clear demonstration of bad faith in order to justify sanctions."); *In re Bees*, 562 F.3d 284, 288 (4th Cir. 2009) ("inadvertent mistake" regarding incorrect date "does not justify Rule 11 sanctions."); *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 308 (S.D.N.Y. 2005) (noting that the court is generally not inclined to award sanctions under Rule 11 where "the mistake seems an honest one").

4.  As explained in the May 25th Affidavit, my colleague, Mr. Schwartz, was handling the legal work on this matter and prepared the draft of the April 25th Affidavit. On April 25, 2023, Mr. Schwartz gave me a copy of the unsigned April 25th Affidavit.

5.  After reading the April 25th Affidavit, I signed the April 25th Affidavit in Mr. Schwartz's presence. Mr. Schwartz then notarized the April 25th Affidavit, and, to the best of my recollection, in accordance with my usual practice, I personally filed the April 25th Affidavit and attached exhibits by ECF.

6.  I recognize that the April 25th Affidavit I filed included the incorrect month of January above the notary signature line. When Mr. Schwartz brought me a copy of that affidavit on April 25, 2023 to sign, I read the substance of the affidavit but did not notice that the notarization block included the incorrect date of January 25th.

7.  I understand that the Firm has located the unsigned word version of the April 25th Affidavit, which bears the incorrect January 25th date on it, demonstrating that the incorrect date

appeared on the copy of the document that I signed on April 25th. A copy of that original unsigned April 25th Affidavit is attached as Exhibit A.

8. As instructed in the Court's May 4, 2023 Order to Show Cause (Docket Entry No. 31), I will bring the wet ink copy of the signed and notarized April 25th Affidavit for the Court to examine at the hearing scheduled for June 8, 2023.

9. I again want to express my sincere remorse to the Court for my failure to identify the fact that the date on the notarization was inaccurate. That failure, however, was not intentional. As a result of my mistakes in this case, I will in the future take extra precautions to make sure the notarization date is accurate on any affidavit I file.

10. As the Court no doubt is aware, my actions in this case and the actions of my Firm and those of Mr. Schwartz have generated enormous media coverage. Although I understand the interest the public has in this matter, the coverage has been extremely embarrassing for me, will follow me for years to come, and has and will serve as a significant penalty for my conduct as well as a powerful future deterrent. Accordingly, I respectfully request that the Court not order sanctions against me.


Dated: New York, New York
       June 6, 2023

*[signature]*
PETER LODUCA

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   Civil Action No.: 22-cv-1461
ROBERTO MATA                                                                                       (PKC)

                              Plaintiff,

   -against-

AVIANCA, INC.                                                                                            AFFIDAVIT

                        Defendant(s)
-------------------------------------------------------------------------X
STATE OF NEW YORK
                         ss.:
COUNTY OF KINGS

      PETER LoDUCA, being duly sworn states as follows:

1. That I am an attorney associated with the law firm of Levidow, Levidow & Oberman, P.C. attorneys for the plaintiff herein, and do hereby declare that the foregoing is true and correct.

2. That pursuant to Court Order I have annexed copies of the following cases previously cited:

Varghese v. China Southern Airlines Co Ltd, 925 F.3d 1339 (11th Cir. 2019)
Shaboon v. Egyptair 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013)
Petersen v. Iran Air 905 F. Supp 2d 121 (D.D.C. 2012)
Martinez v. Delta Airlines, Inc., 2019 WL 4639462 (Tex. App. Sept. 25, 2019)
Estate of Durden v. KLM Royal Dutch Airlines, 2017 WL 2418825 (Ga. Ct. App. June 5, 2017)
Ehrlich v. American Airlines Inc., 360 N.J. Super 360 (App. Div. 2003)
Miller v. United Airlines, Inc., 174 F.3d 366 (2d Cir. 1999)
In re Air Crash Disaster Near New Orleans, LA 821 F. 2d 1147, 1165 (5th Cir. 1987)


3. That I was unable to locate the case of Zicherman v. Korean Air Lines Co., Ltd., 516 F.3d 1237 (11th Cir. 2008) which was cited by the Court in Varghese.

4. That the opinions on the cases of Varghese v. China Southern Airlines Co Ltd, 925 F.3d 1339 (11th Cir. 2019), Shaboon v. Egyptair 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013), Petersen v. Iran Air 905 F. Supp 2d 121 (D.D.C. 2012), Martinez v. Delta Airlines, Inc., 2019 WL 4639462 (Tex. App. Sept. 25, 2019), Estate of Durden v. KLM Royal Dutch Airlines, 2017 WL 2418825 (Ga. Ct. App. June 5, 2017) and Miller v. United Airlines, Inc.,

174 F.3d 366 (2d Cir. 1999) may not be inclusive of the entire opinions but only what is made available by online database.

5. That the opinion in <u>Shaboon v. Egyptair</u> 2013 IL App (1st) 111279-U (Ill. App. Ct. 2013) is an unpublished opinion.

Dated: New York, New York
     April 25, 2023

                                                         _____
                                                         PETER LoDUCA, ESQ.

Sworn to before me this
25+ʰ day of January 2023

_____