Chinese Warship | DGA Strike | Virginia Plane Crash | India Train Derailment | CBS News Live | Managing Your Money | Essentials Shopping | Newsletters

Login

MONEYWATCH

# A lawyer used ChatGPT to prepare a court filing. It went horribly awry.



BY MEGAN CERULLO
UPDATED ON: MAY 29, 2023 / 5:40 PM / MONEYWATCH





**Be the first to know**

Get browser notifications for breaking news, live events, and exclusive reporting.

40

Watch CBS News

A lawyer who relied on ChatGPT to prepare a court filing on behalf of a man suing an airline is now all too familiar with the artificial intelligence tool's shortcomings – including its propensity to invent facts.

Roberto Mata sued Colombian airline Avianca last year, alleging that a metal food and beverage cart injured his knee on a flight to Kennedy International Airport in New York. When Avianca asked a Manhattan judge to dismiss the lawsuit based on the statute of limitations, Mata's lawyer, Steven A. Schwartz, submitted a brief based on research done by ChatGPT, Schwartz, of the law firm Levidow, Levidow & Oberman, said in an affidavit.

While ChatGPT can be useful to professionals in numerous industries, including the legal profession, it has proved itself to be both limited and unreliable. In this case, the AI invented court cases that didn't exist, and asserted that they were real.

The fabrications were revealed when Avianca's lawyers approached the case's judge, Kevin Castel of the Southern District of New York, saying they couldn't locate the cases cited in Mata's lawyers' brief in legal databases.

The made-up decisions included cases titled Martinez v. Delta Air Lines, Zicherman v. Korean Air Lines and Varghese v. China Southern Airlines.



"It seemed clear when we didn't recognize any of the cases in their opposition brief that something was amiss," Avianca's lawyer Bart Banino, of Condon & Forsyth, told CBS MoneyWatch. "We figured it was some sort of chatbot of some kind."

Schwartz responded in an affidavit last week, saying he had "consulted" ChatGPT to "supplement" his legal research, and that the AI tool was "a source that has revealed itself to be unreliable." He added that it was the first time he'd used ChatGPT for work and "therefore was unaware of the possibility that its content could be false."

He said he even pressed the AI to confirm that the cases it cited were real. ChatGPT confirmed it was. Schwartz then



Be the first to know

Get browser notifications for breaking news, live events, and exclusive reporting.

er," it said. The AI then said the Varghese case could be located

**41**




Judge Castel has set a hearing regarding the legal snafu for June 8 and has ordered Schwartz and the law firm Levidow, Levidow & Oberman to argue why they should not be sanctioned.

Levidow, Levidow & Oberman could not immediately be reached for comment.

Trending News

Here's what to know about Apple's virtual reality headset debut

Another major insurer is halting new policy sales in California

When will mortgage interest rates drop? Here's what experts think

Tipping is on steroids. Here's what to know about when to give.

In:   ChatGPT

First published on May 29, 2023 / 2:01 PM

© 2023 CBS Interactive Inc. All Rights Reserved.



Be the first to know

Get browser notifications for breaking news, live events, and exclusive reporting.

Can't Stop You (Try It Now)

ers are ignoring it.

ll Solar Panels If You Live In New York

gram and other incentives to go solar.

42

 LOG IN

METRO

16

# NYC lawyer admits he used ChatGPT to file 'bogus' court documents

By Jesse O'Neill

May 30, 2023   12:36pm   Updated

Lawyer used ChatGPT to file legal papers with disastrous results

MORE ON:


Thank you for visiting. By continuing, you agree to our Terms of Use and Privacy Notice.

43

**I 'married' the perfect man without 'baggage' — he's completely virtual**

**Robots could go full 'Terminator' after scientists create realistic, self-healing skin**

**Chipmaker Nvidia briefly hits $1T in market value on booming ChatGPT, AI demand**

A lawyer at a respected Tribeca firm admitted citing several "bogus" lawsuits he claimed bolstered his case — because he used an artificial intelligence chatbot to help write the Manhattan federal court filing.

The shocking admission from Steven Schwartz, an attorney with firm Levidow, Levidow & Oberman, came after he asked ChatGPT to find cases relevant to his client's lawsuit — only for the bot to fabricate them entirely, court documents show.

The snafu began after Schwartz's legal partner Paul LoDuca filed a lawsuit against the Colombian airline Avianca on behalf of Robert Mata, who was allegedly injured when a metal serving cart struck his knee on a flight to New York City.

When the airline's lawyers asked the court to toss the suit, Schwartz filed a brief that supposedly cited more than a half dozen relevant cases.

There was just one problem: the cases — such as Miller v. United Airlines, Petersen v. Iran Air and Varghese v. China Southern Airlines — were completely made up by ChatGPT.

44



Lawyer Steven Schwartz said he used ChatGPT as a legal research source. The chatbots findings were completely made up.

Steven Schwartz / LinkedIn

The humiliating legal drama played out at Manhattan's federal court in connection with a lawsuit against an airline.
MGR

"The court is presented with an unprecedented circumstance," wrote Manhattan federal Judge P. Kevin Castel in a May 4 document, first reported by The New York Times on Saturday, calling on Schwartz and LoDucan to appear for a June 8 hearing to face possible sanctions over the eyebrow-raising filing.

"Six of the submitted cases appear to be bogus judicial decisions with bogus quotes and bogus internal citations," Castel wrote.

In a sworn affidavit filed last week, Schwartz admitted that he used ChatGPT while compiling the paperwork that Loduca filed, writing he "relied on the legal opinions provided to him by a source that has revealed itself to be unreliable."

The signed mea culpa went on to say that Schwartz "was unaware of the possibility that its [ChatGPT's] content could be false."

Shaboon v. Egyptair, Martinez v. Delta Airlines and Estate of Durden v. KLM Royal Dutch Airlines were among the fake cases generated by the app.

REUTERS

The disgraced lawyer also told the judge he "greatly regrets" using AI for the legal "research" and "will never do so in the future without absolute verification of its authenticity."

**16      What do you think? Post a comment.**

Peter Loduca wrote last week in an affidavit he was not involved in the malfeasance and "had no reason to doubt the authenticity of the case law" fabricated in the document.

Loduca added he had worked with Schwartz for 25 years and never recalled him looking to "mislead" a court.

FILED UNDER     CHATGPT,  LAWYERS,  MANHATTAN FEDERAL COURT,  5/30/23

47

- Law360's MVPs
- Glass Ceiling Report
- Law360 400
- Diversity Snapshot
- Practice Groups of the Year
- Rising Stars
- Titans of the Plaintiffs Bar

- Sections
- Adv. Search & Platform Tools
- **Browse all sections**
- Banking
- Bankruptcy
- Class Action
- Competition
- Employment
- Energy
- Expert Analysis
- Insurance
- Intellectual Property
- Product Liability
- Securities

- Beta Tools
- Track docs
- Track attorneys
- Track judges

- Site Menu
- Join the Law360 team
- Search legal jobs
- Learn more about Law360
- Read testimonials
- Contact Law360
- Sign up for our newsletters
- Law360 Company
- Resource Library
- Site Map
- Help

myLaw360 || Intellectual Property Securities Bankruptcy Competition Employment White Collar Legal Industry Access To Justice Law360 UK Pulse || See all sections ||   NEWSLETTERS  

# Atty Citing 'Bogus' Cases From ChatGPT Is 'Unprecedented'

By Matt Perez · Listen to article

48

Law360 (May 30, 2023, 4:59 PM EDT) -- A New York personal injury firm and two of its lawyers are facing potential sanctions after they submitted a brief in federal court containing nonexistent cases and opinions produced by the generative text engine ChatGPT.

In an [affidavit](#) filed Thursday, attorney Steven Schwartz of Levidow Levidow & Oberman PC acknowledged that it "was in consultation with the generative artificial intelligence website Chat GPT" that he located and cited six cases that "this court has found to be nonexistent."

U.S. District Judge P. Kevin Castel on May 26 [ordered](#) Schwartz, attorney of record Peter LoDuca, and Levidow Levidow to show up at a hearing on June 8 where they may be sanctioned.

In an earlier [order](#), Judge Castel called the matter an "unprecedented circumstance."

The fake cases were cited by Levidow Levidow in a personal injury suit against [Avianca Airlines](#) in which Roberto Mata accuses one of the airline's employees of negligence. After Mata's counsel filed an opposition to a motion to dismiss, the judge on April 11 told Levidow Levidow to provide details of the records cited. The firm responded on April 25 with captions and exhibits that it said were copies of the decisions in the case.

At this point, defense counsel [Condon & Forsyth LLP](#) raised a red flag, writing to the judge that "the authenticity of many of these cases is questionable." The judge then scheduled the June 8 show-cause hearing and ordered Levidow Levidow to explain what was going on, and on Thursday Schwartz and LoDuca filed affidavits.

"Your affiant relied on the legal opinions provided to him by a source that has revealed itself to be unreliable," Schwartz said in his affidavit. "Your affiant has never utilized Chat GPT as a source for conducting legal research prior to this occurrence and therefore was unaware of the possibility that its content could be false."

One of the "bogus" cases, according to the judge's order, was a supposed decision by the Eleventh Circuit called Varghese v. China South Airlines Ltd. The attached decision — which further contained citations and quotations from other nonexistent cases — was confirmed not to exist by the clerk for the Eleventh Circuit and does not appear on databases such as Westlaw and [LexisNexis](#), according to the judge's order.

Attached to Schwartz's affidavit are chat logs between the attorney and the ChatGPT service, wherein he asks, "Is varghese a real case," and gets a reply stating, "Yes, Varghese v. [China Southern Airlines …](#) is a real case."

According to the logs, Schwartz then queried for a source, and got a response stating "upon double-checking" the cases existed and could be found "on legal research databases such as Westlaw and LexisNexis."

Schwartz and LoDuca each attested that, after the personal injury complaint was removed to federal court, LoDuca became the attorney of record, as he was admitted to practice in the Southern District of New York and Schwartz was not, but Schwartz would continue to perform all legal work on the case. Schwartz attested that LoDuca neither had a role in the case research nor was aware of how Schwartz chose to conduct the work.

"Your affiant, in reviewing the affirmation in opposition prior to filing same, simply had no reason to doubt the authenticity of the case law contained therein," LoDuca said in his [affidavit](#). "Furthermore, your affiant had no reason to ... doubt the sincerity of Mr. Schwartz's research."

In addition to the error-plagued brief, the attorneys and law firm must answer for "the use of a false and fraudulent notarization in the affidavit filed on April 25." That affidavit, filed by LoDuca, appears to be notarized by Schwartz himself, with a commission expiration date handwritten in.

Schwartz and LoDuca did not immediately respond to a request for comment.

With the burgeoning interest in ChatGPT and similar generative language services in late 2022, the legal industry has moved rapidly to integrate such technology into software and operations. However, both legal tech

executives and law firm leaders have warned against using the service as a research tool.

During a webinar hosted by legal tech company Clio earlier this month, Tom Martin, founder and CEO of generative text platform LawDroid, noted ChatGPT's ability to "hallucinate," or spit out a template of a legal briefing that largely cites cases that don't exist.

"[We are not] advocating you take what ChatGPT gives you and then you just send it out into the world," Martin said. "You definitely want to review it, not only for professional ethics and competency reasons, but you want to review it to add your own color, add stories to it, make it your own."

Mata is representing himself and is represented by Peter LoDuca of Levidow Levidow & Oberman PC.

Avianca is represented by Marissa Nicole Lefland and Bartholomew James Banino of Condon & Forsyth LLP.

The case is Roberto Mata v. Avianca Inc., case number 1:22-cv-01461, in the U.S. District Court for the Southern District of New York.

--Editing by Dave Trumbore.

*Law360 is owned by LexisNexis Legal & Professional, a RELX Group company.*

For a reprint of this article, please contact reprints@law360.com.

## 3 Comments

Matt Acosta June 1st, 2023, 2:00PM

Not only that, but I question whether AI tools are actually going to save anyone time and money. Ethical concerns require careful review of research, writing, recitation, and facts. On top of that, there are stylistic, regional, and local modification that must likely be made to the writing itself. With all of that, what time are you actually saving if you are serious about high-quality work product. If young lawyers are performing these tasks, the work will again be reviewed by a seasoned attorney, and are the young lawyers learning what they should be?

Marc Scholl May 31st, 2023, 10:12AM

The issue is not using AI tools to help write documents. The issue is not checking the work done by the AI tool. A lawyer should not be submitting documents and memos to a court or to anyone without being comfortable that the facts and legal arguments are supported by a reasonable understanding of events and valid case precedent.

vern winters May 30th, 2023, 8:57PM

Using AI to write briefs is going to be a problem for district courts, especially with high-volume, low-quality lawyers. District courts ought to implement local rules that require lawyers to certify that a filing was written in full by lawyers, not machines.

Enter First and Last Name     Your name will appear next to your comment. If you do not disclose your full name, your comment will be deleted. Your email address will not be visible to the public.

Terms of Service

50

```
Tell us what you think (1,500 characters max)
```

[ Comment ]

## Attached Documents

- May 26 Order
- May 4 Order
- Lo Duca Affidavit
- Schwartz Affidavit
- ChatGPT Case Citations

## Useful Tools & Links

- Add to Briefcase
- Save to PDF & Print
- Rights/Reprints
- Editorial Contacts

## Related Sections

- Legal Industry

## Case Information

Case Title

Mata v. Avianca, Inc.

Case Number

1:22-cv-01461

Court

New York Southern

Nature of Suit

Airplane

Judge

P. Kevin Castel

Date Filed

February 22, 2022

**51**

## Law Firms

- Condon & Forsyth

## Companies

- Avianca SA
- China Southern Airlines Company Ltd.
- LexisNexis Group Inc.
- RELX PLC
- Themis Solutions Inc.

## Government Agencies

- U.S. District Court for the Southern District of New York

## Judge Analytics

powered by Lex Machina®

- P. Kevin Castel



Law360 Reveals Titans Of The Plaintiffs Bar

In the past year, companies like Juul, Capital One and Southern California Edison have settled for millions if not billions of dollars in litigation that was high-profile and often groundbreaking in its impact on the law itself. Such cases and many others — which involved opioids, sexual harassment, kickbacks and data breaches — were led by attorneys whose accomplishments helped them earn recognition as Law360's Titans of the Plaintiffs Bar for 2023.


Top 10 trending in Legal Ethics

- 1 2nd Circ. Perplexed At Lack Of Recusal In Platinum Case
- 2 Giuliani Defamation Atty Bows Out After Clients Ignored Him
- 3 22 Years On, Atty's Lack Of Remorse Dooms Readmission Bid

- 4. [Trump Says NY Judge's Liberal 'Bias' Requires Recusal](#)
- 5. [Ex-Public Atty's Harassment Claims 'In Her Mind,' Gov't Says](#)
- 6. [Atty Hit With Sanctions Over 'Frivolous' Calif. Ruling Appeal](#)
- 7. [Meet The Texas Prosecutors In Paxton's Impeachment Trial](#)
- 8. [Judge Calls Apple's Conduct In Smartwatch Row 'Careless'](#)
- 9. [NJ Panel Backs Law Firm's Sanctions Win In Malpractice Row](#)
- 10. [Asset Seizure Targets Offices Linked To Consumer Debt Firm](#)

Hello! I'm Law360's automated support bot.

How can I help you today?

For example, you can type:

- I forgot my password
- I took a free trial but didn't get a verification email
- How do I sign up for a newsletter?

```
Ask a question!
```
Ask a question!

© 2023, Portfolio Media, Inc. | [About](#) | [Contact Us](#) | [Legal Jobs](#) | [Advertise with Law360](#) | [Careers at Law360](#) | [Terms](#) | [Privacy Policy](#) | Cookie Settings | [Help](#) | [Site Map](#) | [Resource Library](#) | [Law360 Company](#)

✕

Add this article to my briefcase

### Atty Citing 'Bogus' Cases From ChatGPT Is 'Unprecedented'

```
New Folder Name - Required
```

OR SELECT FROM

[Add Now](#)  Cancel

✕

Sign up for our Legal Ethics newsletter

You must correct or enter the following before you can sign up:

Please provide a professional email:  `cort@fkks.com`

[Select more newsletters to receive for free](#)

Law360 takes your privacy seriously. Please see our [Privacy Policy](#).

No Thanks    [Sign up now](#)

Thank You!

53

# No ChatGPT in my court: Judge orders all AI-generated content must be declared and checked

**Devin Coldewey**
@techcrunch  /  7:32 PM EDT • May 30, 2023



**Image Credits:** PhonlamaiPhoto / Getty Images

Few lawyers would be foolish enough to let an AI make their arguments, but one already did, and Judge Brantley Starr is taking steps to ensure that debacle isn't repeated in *his* courtroom.

The Texas federal judge has added a requirement that any attorney appearing in his court must attest that "no portion of the filing was drafted by generative artificial intelligence," or if it was, that it was checked "by a human being."

Last week, attorney Steven Schwartz allowed ChatGPT to "supplement" his legal research in a recent federal filing, providing him with six cases and relevant precedent — all of which were completely hallucinated by the language model. He now "greatly regrets" doing this, and while the national coverage of this gaffe probably caused any other lawyers thinking of trying it to think again, Judge Starr isn't taking any chances.

At the federal site for Texas' Northern District, Starr has, like other judges, the opportunity to set specific rules for his courtroom. And added recently (though it's unclear whether this was in response to the aforementioned filing) is the "Mandatory Certification Regarding Generative Artificial Intelligence." Eugene Volokh first reported the news.

All attorneys appearing before the Court must file on the docket a certificate attesting either that no portion of the filing was drafted by

  Building a startup or looking for your next deal? We have you covered.

54

A form for lawyers to sign is appended, noting that "quotations, citations, paraphrased assertions, and legal analysis" are all covered by this proscription. As summary is one of AI's strong suits, and finding and summarizing precedent or previous cases is something that has been advertised as potentially helpful in legal work, this may end up coming into play more often than expected.

Whoever drafted the memorandum on this matter at Judge Starr's office has their finger on the pulse. The certification requirement includes a pretty well informed and convincing explanation of its necessity (line breaks added for readability):

**Disrupt 2023**
**Save Up To $600 Before Prices Go Up**

**Join 10,000 Startup Leaders at Disrupt** San Francisco, Sept. 19-21

SAVE NOW

> These platforms are incredibly powerful and have many uses in the law: form divorces, discovery requests, suggested errors in documents, anticipated questions at oral argument. But legal briefing is not one of them. Here's why.
>
> These platforms in their current states are prone to hallucinations and bias. On hallucinations, they make stuff up — even quotes and citations. Another issue is reliability or bias. While attorneys swear an oath to set aside their personal prejudices, biases, and beliefs to faithfully uphold the law and represent their clients, generative artificial intelligence is the product of programming devised by humans who did not have to swear such an oath.
>
> As such, these systems hold no allegiance to any client, the rule of law, or the laws and Constitution of the United States (or, as addressed above, the truth). Unbound by any sense of duty, honor, or justice, such programs act according to computer code rather than conviction, based on programming rather than principle. Any party believing a platform has the requisite accuracy and reliability for legal briefing may move for leave and explain why.

In other words, be prepared to justify yourself.

While this is just one judge in one court, it would not be surprising if others took up this rule as their own. While as the court says, this is a powerful and potentially helpful technology, its use must be at the very least clearly declared and checked for accuracy.

### More TechCrunch









55

![LawSites - Tracking Technology and Innovation for the Legal Profession]

# On Today's Legaltech Week, You Know We're Going To Be Talking About Those ChatGPT Bogus Cases



By **Bob Ambrogi** on June 2, 2023

   

Thanks to his reliance on ChatGPT for legal research and his filing "bogus judicial decisions" in federal court, lawyer Steven A. Schwartz has become the "I am not a cat" of the generative AI era. And as we convene today at 3 p.m. ET for our weekly Legaltech Week roundtable on the week's legal tech news, you can be sure poor Schwartz will be on the agenda.

If you haven't already, you **can sign up free here to attend**. Register once and you are signed up for all future sessions. You can also catch prior episodes **as a podcast** or **on YouTube**.

Other stories we're planning to discuss today:

- E-discovery company Nextpoint's launch of a law firm in Arizona.
- Best practices and ethical considerations for leveraging ChatGPT in legal practice.
- The rise of GPT tools in contract analysis.
- Casepoint hit by ransomware attack.

56

- Lega launches as an LLM governance platform.
- And more!

Our panelist lineup changes from week to week, but our regulars are:

- **Nicole Black**, legal technology columnist and legaltech evangelist at MyCase.
- Stephen Embry, publisher, **TechLaw Crossroads**.
- **Caroline Hill**, editor in chief, *Legal IT Insider*.
- **Victor Li**, assistant managing editor of the *ABA Journal*.
- Jean O'Grady, publisher of the blog **Dewey B Strategic**.
- **Joe Patrice**, editor, *Above the Law*.
- **Stephanie Wilkins**, editor-in-chief of ALM's Legaltech News and the ALM Global Newsroom's Legal Technology Desk.

Hope you will join us.



**Bob Ambrogi**

Bob is a lawyer, veteran legal journalist, and award-winning blogger and podcaster. In 2011, he was named to the inaugural Fastcase 50, honoring "the law's smartest, most courageous innovators, techies, visionaries and leaders." Earlier in his career, he was editor-in-chief of several legal publications, including The National Law Journal, and editorial director of ALM's Litigation Services Division.

ABOUT LAW SITES

LawSites is a blog covering legal technology and innovation. It is written by Robert Ambrogi, a lawyer and journalist who has been writing and speaking about legal technology, legal practice and legal ethics for more than two decades.

Copyright © 2021, Robert Ambrogi. All Rights Reserved.

**JUSTIA** Law Firm Blog Design

57