UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBERTO MATA,

                         Plaintiff,                                    22-cv-1461 (PKC)

     -against-                                           OPINION AND ORDER

AVIANCA, INC.,

                         Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       Plaintiff Roberto Mata asserts that on August 27 or 28, 2019, he was severely injured when a metal service tray struck his left knee during an overnight flight from El Salvador to John F. Kennedy Airport in New York. Defendant Avianca, Inc. ("Avianca") moves to dismiss the Complaint pursuant to Rule 12(b)(6), asserting that Mata's claim is time-barred under the Convention for the Unification of Certain Rules Relating to International Carriage by Air, Done at Montreal, Canada, on 28 May 1999, reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (1999) (the "Montreal Convention").

       Because Mata commenced this action after expiration of the two-year period prescribed by the Montreal Convention, Avianca's motion will be granted.

BACKGROUND.

       On August 27, 2019, Mata was traveling on Avianca Flight 670 from El Salvador to JFK Airport. (Compl't ¶¶ 3, 11-12.) Mata asserts that sometime between 11 p.m. and 1 a.m., an employee of Avianca struck him in the left knee with a metal serving cart, resulting in injury. (Compl't ¶ 12.) Mata attributes his injury to Avianca's carelessness, recklessness and negligence. (Compl't ¶¶ 13-14.) He describes the injuries as grievous and painful, including

unspecified damage to his nervous system that has required medical treatment and prevented him from working. (Compl't ¶¶ 15-16.)

On July 20, 2020, Mata filed a previous complaint with similar allegations against Avianca, and subsequently learned that Avianca was in bankruptcy proceedings and subject to the automatic bankruptcy stay, 11 U.S.C. § 362(a). (LoDuca Aff. ¶¶ 7-8.) Upon learning in January 2022 that Avianca had emerged from bankruptcy proceedings, Mata voluntarily dismissed that prior complaint, then brought the current action on February 2, 2022 in the New York Supreme Court, New York County. (LoDuca Aff. ¶¶ 9-11.) Avianca filed its Notice of Removal on February 22, 2022. (ECF 1.) The Notice of Removal asserts that this Court has federal question jurisdiction because Mata's claim arises under the Montreal Convention. (Id.)

RULE 12(b)(6) STANDARD.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court assessing the sufficiency of a complaint must disregard legal labels or conclusions, which are not entitled to the presumption of the truth. Iqbal, 556 U.S. at 678. Instead, the court must examine only the well-pleaded factual allegations, if any, "and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. "Dismissal is appropriate when 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE, 763 F.3d 198, 208-09 (2d Cir. 2014) (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)).

DISCUSSION.

      I.      <u>Mata's Claim Arises under the Montreal Convention.</u>

The Montreal Convention is a multilateral treaty that "applies to all international carriage of persons, baggage or cargo performed by an aircraft . . . ." Montreal Convention, ch. I, art. 1; see also <u>Cohen v. American Airlines, Inc.</u>, 13 F.4th 240, 244-45 (2d Cir. 2021) (per curiam) (discussing purpose of the Montreal Convention). The Convention states in relevant part that a "carrier is liable for damage sustained in case of . . . bodily injury of a passenger upon condition only that the accident which caused the . . . injury took place on board the aircraft . . . ." Ch. III art. 17 § 1. "While 'accident' is not defined in the Montreal Convention, the Supreme Court has interpreted the substantively identical provision of the Warsaw Convention as 'an unexpected or unusual event or happening that is external to the passenger.'" <u>Cohen</u>, 13 F.4th at 244 (quoting <u>Air France v. Saks</u>, 470 U.S. 392, 405 (1985)). Both the United States and El Salvador are signatories to the Montreal Convention and are bound by its terms.[1]

Mata's allegations about his injuries fall within the Convention's use of the word "accident." The Complaint asserts that while Mata was a passenger on an international flight, a metal serving cart struck his left knee and injured him, and that the serving cart had been handled in an "inattentive manner." (Compl't ¶¶ 12-13.) These allegations describe an unexpected or unusual event that was external to Mata. <u>Cohen</u>, 13 F.4th at 244. The Court therefore concludes that the Montreal Convention governs Mata's claim.

---

[1] <u>See</u> https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf (listing signatories to the Montreal Convention).

> II. The Timeliness of Mata's Claim Is Governed by
> the Montreal Convention and Not CPLR 214(5).

Under the Convention, "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the carriage stopped." Montreal Convention, ch. III, art. 35, § 1. An action brought more than two years after the date of arrival is properly dismissed on a Rule 12(b)(6) motion. Cohen, 13 F.4th at 246 (affirming dismissal of claim brought approximately three years after date of aircraft's arrival).

The Complaint describes an accident that occurred between 11 p.m. and 1 a.m. on August 27, 2019. (Compl't ¶ 12.) Assuming that Mata's flight arrived to JFK Airport in the morning hours of August 28, 2019, his claim for money damages became time barred on August 28, 2021. See Cohen, 13 F.4th at 246.

In opposition, Mata urges that his claim should be governed by CPLR 214(5), which establishes a three-year limitations period for negligence claims. But Cohen recently rejected the argument that state tort law can supplant or supersede the Montreal Convention. It observed that "courts have consistently held that the Warsaw and Montreal Conventions preempt state law and provide the sole avenue for damages claims that fall within the scope of the Conventions' provisions." 13 F.4th at 246 (collecting cases).[2] Mata points to certain authorities that, he argues, have held that state courts have concurrent jurisdiction to federal courts over Montreal Convention claims. But the exercise of concurrent jurisdiction permits a state court to hear a claim arising under federal law, and does not supersede federal law with state law. See,

---

[2] "The Montreal Convention was promulgated to 'reform the Warsaw Convention so as to harmonize the hodgepodge of supplementary amendments and intercarrier agreements of which the Warsaw Convention system of liability consists.'" Cohen, 13 F.4th at 244 (quoting Ehrlich v. American Airlines, Inc., 360 F.3d 366, 371 n.4 (2d Cir. 2004)).

e.g., Simpson Elec. Corp. v. Leucadia, Inc., 72 N.Y.2d 450, 455-61 (1988) (state courts have concurrent jurisdiction over RICO claims).

The two-year limitations period of the Montreal Convention governs Mata's claim.

> III. Because the Montreal Convention Does Not Provide for Tolling, Mata's Claim Will Be Dismissed.

Mata separately urges that the Convention's two-year time bar was tolled while Avianca was under the automatic bankruptcy stay. Mata filed his earlier complaint against Avianca on or about July 28, 2020. (LoDuca Aff. Ex. A.) On November 20, 2020, Mata's counsel learned for the first time that Avianca had filed for bankruptcy in May 2020 and was subject to the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a). (LoDuca Aff. ¶ 8.) In January 2022, Mata's counsel learned that Avianca had emerged from bankruptcy, and, on January 31, 2022, the parties filed a stipulation of discontinuance of the action. (LoDuca Aff. ¶ 10 & Ex. B.) Mata then filed the complaint in this action on February 2, 2022. (LoDuca Aff. ¶ 11 & Ex. C.) Mata urges that this action was timely brought because the automatic bankruptcy stay tolled the Montreal Convention's limitations period.

The Second Circuit interpreted the Warsaw Convention's two-year period as a strict condition precedent to the bringing of a claim, as opposed to a limitations period potentially subject to equitable tolling principles. Fishman by Fishman v. Delta Air Lines, Inc., 132 F.3d 138, 143 (2d Cir. 1998). The relevant language of Article 29 of the Warsaw Convention was near-identical to Article 35 of the Montreal Convention. The Second Circuit described the difference between a limitations period and a condition precedent to bringing suit: "Ordinarily, a time limitation is deemed a condition precedent if it is fixed in the statute that creates the cause of action, whereas a statutory time limitation must be pleaded as the affirmative

defense of statute of limitations if the cause of action was previously cognizable either at common law or by virtue of another statute." Fishman, 132 F.3d at 143.  Because the Warsaw Convention "creates the causes of action asserted under it . . . the time limitation in Article 29 is best termed a condition precedent to suit, a kind of limitation that is often deemed not subject to tolling." Id.

"Following the Fishman line of cases, the few cases so far decided under the Montreal Convention consider it fairly well settled that the limitation provision in Article 35 creates a condition precedent to suit, rather than a statute of limitations, and is therefore not subject to tolling." Ireland v. AMR Corp., 20 F. Supp. 3d 341, 345 (E.D.N.Y. 2014) (Ross, J.) (collecting cases).  As in this case, the plaintiff in Ireland urged that his claim under the Montreal Convention was timely because the automatic bankruptcy stay had tolled the limitations period. Id. at 344.  In addition to relying on Fishman, Judge Ross observed that the Montreal Convention was adopted to promote uniform enforcement between signatory states, and that application of local tolling principles could undermine that goal.  Id. at 347.  "Under the language of the treaty, as interpreted by Fishman, the two-year limitation is a hard stop after which a plaintiff's right to sue is extinguished, and this court sees no reason to depart from this rule in the case of a bankruptcy stay." Id.

The reasoning of Ireland and its application of Fishman to the Montreal Convention are persuasive.  Because the Complaint describes an injury on an aircraft that arrived on or about August 28, 2019, and Mata commenced this action on February 2, 2022, his claim is untimely under the Montreal Convention's strict two-year time bar.  Avianca's motion to dismiss will therefore be granted.

CONCLUSION.

        Avianca's motion to dismiss is GRANTED. (ECF 16.) The Clerk is respectfully directed to terminate the motion.

        SO ORDERED.

                                                              P. Kevin Castel  
                                                            United States District Judge

Dated: New York, New York  
           June 22, 2023